STATE of Iowa, Plaintiff-Appellee,

v.

Robert Estes FREEMAN, Defendant-Appellant.

No. 86–630.

Court of Appeals of Iowa.

Feb. 25, 1987.

Charles Harrington, Chief Appellate Defender, and B. John Burns, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Bruce Kempkes, Asst. Atty. Gen., and Richard A. Williams and Nan Horvath, Asst. Polk Co. Attys., for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

On March 29, 1985, a Des Moines car salesman attempted to sell a 1982 Lincoln Continental to a man he later identified as Mr. Freeman, the defendant. At that time he wrote up a purchase agreement for the automobile, with defendant's name on it, but defendant never made a deposit and the salesman was unable to contact defendant. Over the weekend of May 30, 1985, the Continental which defendant had agreed to purchase was stolen from the dealership. Later, on Thursday, April 4, 1985, Wyoming police apprehended defendant in the stolen automobile with the March 29 purchase agreement in his possession. Defendant was accused of second-degree burglary and first-degree theft. At trial the court sustained the State's motion to dismiss the second-degree burglary count.

Prior to trial, defendant filed notice of his intent to present an insanity and/or diminished capacity defense. At a bench trial, on October 8 and 9, 1985, defendant presented deposition testimony of a psychiatrist and a psychologist both of which concluded with "reasonable certainty" that defendant was suffering from multiple personalities. They tempered their diagnoses by explaining no other personalities appeared during their examination, and evidence of malingering was present. In rebuttal, the state offered expert testimony disagreeing with the multiple personality diagnosis.

On March 4, 1986, the trial court permitted defendant to present additional testimony by the psychologist concerning a second

personality of defendant. The psychologist testified a new personality, Roberto Luigi Startino, had been encountered in a subsequent examination. He concluded Startino, the dominate personality was completely unaware of Freeman, the subpersonality. From this testimony defendant reasoned the only conclusion was that the dominant personality was unaware of the criminal behavior of the subpersonality, therefore defendant could not have possessed the required knowledge. Defendant moved for judgment of acquittal at the end of the State's case and his own, on the grounds the State failed to present sufficient evidence showing he knew or had reasonable cause to believe the car in his possession was stolen. The trial court overruled both motions.

The trial court rejected defendant's diminished capacity defense. The court found the defendant regarded himself as Robert Freeman at the time of the incident and was fully aware of what he was doing; in other words he knew the automobile was stolen. The court also concluded the defense of diminish capacity and/or insanity was not supported by the evidence, and the State had disproved beyond a reasonable doubt the defense of diminished responsibility. Specifically the court found: defendant presented conflicting testimony, the evidence presented controverted defendant's theory that he was suffering from multiple personality disorder, and the State's expert testimony overcame any evidence regarding multiple personalities presented by the defendant. The trial court found defendant guilty and sentenced him to an indeterminate prison term not to exceed ten years.

At the sentencing hearing, on April 29, 1986, the trial court failed to specifically identify its reasons for imposing the sentence. After the trial court rendered judgment and imposed the sentence, the following exchange occurred:

MS. ODELL: Mr. Freeman is there anything you would like to say to the Court?
THE DEFENDANT: No.
THE COURT: You sure? You got anything you want to say?

THE DEFENDANT: No.

Defendant contends: (1) the State failed to present sufficient evidence that he knew or had reason to know the automobile was stolen; (2) the trial court failed to state sufficient reasons, on the record, for imposing a prison sentence rather than placing him on probation; and (3) the trial court erred in denying him his right to allocation where he was not given the opportunity to speak in mitigation of punishment until after judgment was rendered and sentence pronounced.

■ This is a criminal action tried to the court, therefore our review is limited to errors in law. Iowa R.App.P. 4. The trial court's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). We view the evidence in a light most consistent with the lower court's judgment. *R.E.T. Corporation v. Frank Paxton Company, Inc.*, 329 N.W.2d 416, 419 (Iowa 1983). The reviewing court is not bound by the trial court's determination of law. *Mosebach v. Blythe*, 282 N.W.2d 755, 758 (Iowa App.1979).

## I.

Initially, defendant argues there was insufficient evidence in the record for a rational fact finder to conclude beyond a reasonable doubt that he acted with knowledge required under Iowa Code section 714.1(4) (1985). Defendant asserts since Startino was the dominate personality, any act by Freeman was unknown to Startino.

Section 714.1(4) (1985) of the Iowa Code provides in pertinent part:

A person commits theft when the person does any of the following:

4. Exercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer.

The State had the burden of proving each and every element of theft in the first degree. *In re Winship*, 397 U.S. 358, 364,

90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970).

■ When considering a challenge to the sufficiency of the evidence we view the evidence in a light most favorable to the State and we consider all evidence and inferences that may be drawn from it. *State v. Craney,* 347 N.W.2d 668, 680 (Iowa 1984), *cert. denied,* 469 U.S. 884, 105 S.Ct. 255, 83 L.Ed.2d 192 (1984); *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980). Evidence is sufficient to sustain the verdict where there is substantial evidence from which a rational fact finder could determine defendant guilty beyond a reasonable doubt. *Robinson,* 288 N.W.2d at 341; *State v. Mitchell,* 371 N.W.2d 432 (Iowa Ct.App.1985).

■ After a thorough review of the record we conclude the trial court was correct in finding defendant knew what he was doing and he knew the automobile was stolen. We also concur with the conclusion that the evidence presented in the record refutes defendants argument he was suffering from a multiple personality disorder *at the time of the offense.* Mr. Robert Freeman discussed the sale of the automobile on March 29, 1985, the automobile was stolen from the dealership the following weekend, and Mr. Freeman was arrested on April 4, 1985, driving the automobile. From these facts, we conclude a rational fact finder could find defendant guilty beyond a reasonable doubt. This conclusion is strongly reinforced by the finding that at the time of the occurrence defendant was not suffering from a multiple personality and therefore Mr. Freeman had the requisite knowledge.

**II.**

Defendant argues the trial court erred in its sentencing procedure. Specifically he asserts the court failed to set forth sufficient reason for the sentence and the court denied him his right to allocation.

■ Iowa Rule of Criminal Procedure 22(3)(d) requires that "[t]he court shall state on the record its reason for selecting the particular sentence." We recognize the principle that where the sentence imposed is within the statutory maximum, we will interfere only if an abuse of discretion is shown. *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979). The trial court must enumerate its reasons for selecting a sentence because without such a record, there would be nothing from which an appellate court could find any abuse of sentencing discretion. *Id.* "[W]hen a trial court fails to state on the record its reasons for the sentence imposed, the sentence must be vacated and the case remanded for amplification of the record and resentencing." *State v. Marti,* 290 N.W.2d 570, 589 (Iowa 1980).

■ In response to this argument, the State contends defendant has waived any error regarding sentencing. Defendant had no opportunity to preserve error, he had no way of knowing before the court entered the judgment whether or not reasons would be stated in the record. *Id.* It would be unfair for us to find defendant had waived this error. In the sentencing hearing and order the trial court gave no reasons for the sentence imposed upon defendant, except the statement: "... rather than to give you probation—I don't think under the circumstances that probation is indicated here, so that explains why ten years." This does not fulfill the requirement set forth in Rule 22(3)(d) therefore, we vacate the trial court's sentence and remand for amplification of the record and resentencing.

■ Finally, defendant claims that at sentencing he was not given his right to address the court in mitigation of punishment until after the sentence was imposed. We do not directly address this issue but find that at the resentencing, prior to any sentence being rendered, the court shall allow the defendant and counsel for the defendant to address the court to make a statement in mitigation of punishment. *See* Iowa R.Crim.P. 22(3)(d).[1]

---

1. **d. Judgment entered.** If no sufficient cause is shown why judgment should not be pro-

nounced, and none appears to the court upon the record, judgment shall be rendered. Prior

AFFIRMED IN PART; SENTENCE VACATED; AND REMANDED FOR RE-SENTENCING.

to such rendition, counsel for the defendant, and the defendant personally, shall be allowed to address the court where either wishes to make a statement in mitigation of punishment. In every case the court shall include in the judgment entry the number of the particular section of the Code under which the defendant is sentenced. The court shall state on the record its reason for selecting the particular sentence.