**IN THE COURT OF APPEALS OF IOWA**

No. 14-0136
Filed January 28, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**FLOYD FRANK EZELL JR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Robert A. Hutchison,

Judge.


　　　　Floyd Ezell appeals from the sentences imposed. **AFFIRMED.**



　　　　Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney

General, John P. Sarcone, County Attorney, and David Porter, Assistant County

Attorney, for appellee.



　　　　Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DANILSON, C.J.**

Floyd Ezell pleaded guilty to willful injury causing bodily injury, intimidation with a dangerous weapon, and felon in possession of a firearm, in violation of Iowa Code sections 708.4(2), 708.6, and 724.26(1) (2011), respectively. Sentencing for the offenses was held on January 8, 2014. The State argued that all three sentences be served consecutively; the defendant requested suspended sentences with two years probation.

The court sentenced Ezell to indeterminate terms of five years in prison for willful injury, ten years in prison for intimidation with a dangerous weapon, and five years in prison for felon in possession of a firearm. The district court agreed with the prosecutor that the willful-injury and intimidation convictions "would not merge since they were two separate events" but concluded those two sentences would be served concurrently with each other. However, the court ordered the two concurrent sentences be served consecutive to the felon-in-possession sentence "because I view that as a different matter. It's really a completely separate offense and it is an enhancement that happens when you've been convicted of a felony." The court suspended the minimum fines on each count and determined Ezell had no reasonable ability to pay attorney fees.

On appeal, Ezell argues the district court did not state adequate reasons for imposing incarceration instead of probation.

We review sentencing decisions for correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006). A district court's sentencing decision to impose a sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or

defect in the sentencing procedure, such as considering impermissible factors. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires a sentencing court to demonstrate its exercise of discretion by stating "on the record its reason for selecting the particular sentence." Failure to state on the record the reasons for the sentence imposed requires the sentence be vacated and the case remanded for amplification of the record and resentencing. *State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980); *State v. Freeman*, 404 N.W.2d 188, 191 (Iowa Ct. App. 1987). While the reasons need not be detailed, the court must provide enough explanation to allow appellate review of the district court's discretion. *See State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010). Yet, the sentencing court is generally not required to give its reasons for rejecting particular sentencing options. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).

The presentence investigation report (PSI) recommended Ezell be sentenced to prison "[b]ased on the information gathered, verified and contained in this report, and on the serious nature of the crime." The district court had presided at the defendant's two trials—the first of which ended in a hung jury and the second ended with the defendant's pleas of guilty. The sentencing court stated it was "familiar with the defendant's version of events," which was in the PSI. The district court considered the defendant's age, prior record of convictions, employment and family circumstances, financial circumstances, the nature of the offenses that were committed here, and the defendant's substance abuse and mental health history, and sentenced the defendant as outlined above. The sentencing order explained probation "would not provide reasonable

protection of the public and maximum opportunity for rehabilitation." In addition, the sentencing order notes the court considered the defendant's age and prior criminal record, and concluded "probation would lessen the seriousness of the offense." We find no abuse of discretion, concluding the sentencing court provided sufficient reasons for imposition of the challenged sentence. The sentence is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**