# IN THE COURT OF APPEALS OF IOWA

No. 15-0473
Filed December 9, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**LONTREZ NABORS,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Thomas G. Reidel (plea) and Mary E. Howes (sentencing), Judges.

　　　　A defendant appeals his conviction and sentences.  **AFFIRMED.**

　　　　Jack E. Dusthimer, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

　　　　Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Lontrez Nabors pled guilty to possession of marijuana, failure to affix a drug tax stamp, and second-degree theft. The district court ordered no jail or prison time on the serious-misdemeanor possession count and ordered prison terms not exceeding five years on each of the two remaining counts, to be served concurrently. On appeal, Nabors contends his plea attorney was ineffective in failing to fully advise him "of the crime of 'theft' by reason of the 'stolen property' alternative" and his "right to court appointed counsel through any trial and possible sentencing." He also asserts the district court abused its discretion "in imposing a prison term instead of probation."

With respect to the ineffective-assistance-of-counsel claims, Nabors must show his attorney breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On our de novo review of the record, we are convinced he cannot establish a breach.

Nabors's first ineffective assistance claim focuses on the statutory definition of theft by exercise of control over stolen property and, specifically, an exception to the definition. *See* Iowa Code § 714.1(4) (2013) ("A person commits theft when the person does any of the following: Exercises control over stolen property, knowing such property to have been stolen, or having reasonable cause to believe that such property has been stolen, *unless the person's purpose is to promptly restore it to the owner or to deliver it to an appropriate public officer*." (emphasis added)). Nabors contends the district court should have explained the exception to him during the plea colloquy and his attorney should

have objected to the omission. Precedent does not impose such a stringent requirement.

A district court has no obligation to explain each element "*if* it is 'apparent in the circumstances the defendant understood the nature of the charge.'" *State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003) (quoting *State v. Smith*, 300 N.W.2d 90, 92 (Iowa 1981)). Assuming the highlighted portion of the statutory definition is an element of the crime to be proven by the State,[1] Nabors conceded the element would be satisfied. First, he confirmed he "allowed others to bring what [he] reasonably should have known was stolen property into [his] residence" and he knew the property was stolen. Second, he confirmed he discussed "any possible defenses" with his attorney. Finally, when the district court explained the exercising "control over stolen property" alternative and asked Nabors whether he understood this alternative, Nabors responded that this alternative "resonated more" than the previous alternative. On this record, counsel did not breach an essential duty in failing to object to the district court's truncated discussion of the "exercising control" alternative of the theft statute.

Nabors's second ineffective-assistance-of-counsel claim is equally unavailing. The district court explained the rights Nabors would be waiving by pleading guilty, including the right to assistance of counsel. *See* Iowa R. Crim. P. 2.8(2)(b)(4). The court's discussion was more than sufficient to satisfy the substantial compliance standard adopted by the Iowa Supreme Court. *See State v. Straw*, 709 N.W.2d 128, 134 (Iowa 2006).

---

[1] *See State v. Freeman*, 404 N.W.2d 188, 190-91 (Iowa Ct. App. 1987) (citing statute and stating "[t]he State had the burden of proving each and every element").

We are left with Nabors's challenge to one of his prison sentences. Nabors contends the district court focused on his "failure to voluntarily seek substance abuse programming" and ignored his "other efforts." To the contrary, the court considered a host of factors in imposing prison terms:

> The Court: All right. Mr. Nabors, well, I appreciate what you are saying, and I also appreciate that your offenses are not violent offenses. You know, unfortunately, you're here for two felonies, and you have got quite an extensive criminal history, and the Presentence Investigation Reports are both recommending incarceration. So I'm going to go along with their recommendation, but I'm going to run your sentences concurrent. Even though they are two separate offenses, they could be run consecutively as two separate things. I'm going to run them together, and you will—I just feel like because you have two felonies, because you have an extensive criminal history that involves drugs, because you don't seem to be able to get your life together and really ever have a job and be responsible, that the Department of Corrections is the best alternative.
> . . . .
> Nabors: I was never ordered to complete any type of something that can benefit me as far as any class for drug abuse.
> The Court: These things are—Mr. Nabors, those things are always out there for yourself, too. You don't have to be ordered by a judge to go get substance abuse treatment. You can do that on your own.
> Nabors: I need help. If you look at my whole file, you can see going back to a child, it's the same I don't—
> The Court: Well, they are recommending that you take advantage of the Department of Corrections programs.
> Nabors: That's always recommended. They have never recommended anything different.
> The Court: You had unsupervised probation and hadn't successfully completed it. I'll put that out there too.

The court properly exercised its discretion in imposing sentence. We discern no abuse. *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

We affirm Nabors's judgment and sentences.

**AFFIRMED.**