STATE OF IOWA, Appellee, v. DAVID FAIRWEATHER, Appellant.

CRIMINAL LAW: Sentence—Requisites of Record. A judgment that
1  defendant "be committed to jail for a term of nine months" is not faulty because of the absence of any statement as to the *beginning* and *end* of the imprisonment.

CRIMINAL LAW: Sentence—Excessiveness. The court will not *presume*
2  that a sentence is excessive.

*Appeal from Black Hawk District Court.*—GEORGE W. WOOD, Judge.

MARCH 6, 1923.

THE opinion sufficiently states the case.—*Affirmed.*  •

*John H. Meyers,* for appellant.

*Ben J. Gibson,* Attorney-general, and *B. J. Flick,* Assistant Attorney-general, for appellee.

WEAVER, J.—The defendant was indicted upon the charge of maintaining a gambling nuisance. On arraignment, he entered a plea of not guilty, which he later withdrew, and entered a plea of guilty. Thereafter, he appeared in person and by counsel, was given opportunity to show cause, if any he had, why judgment should not be pronounced upon his plea of guilty, and failed so to do; and the court ordered and adjudged that he be committed to the jail of said county for a term of nine months, and pay the costs of prosecution. From this judgment the defendant appeals, on the following grounds: (1) That the judgment is indefinite, uncertain, and void, in that it does not fix "the time when the sentence is to commence or when it shall expire;" (2) that there is no finding or judicial determination of defendant's guilt; (3) that the court entered judgment as upon a plea of guilty of a liquor nuisance, when the charge on which he was arraigned was for keeping a gambling house; and (4) that the punishment assessed against him is excessive.

1. CRIMINAL LAW: sentence: requisites of record.

There is no merit in the objection to the judgment for want of definite statement of the beginning and end of the term of imprisonment. It is definitely stated that the defendant shall be committed to jail for a term of nine months, and in the absence of other order or judgment, this necessarily means nine months—neither more nor less—from the date of its entry, or at least from the date when the mittimus is served, and he submits to the execution of the sentence. The further point that the court, in making entry of the plea of guilty, or in entering judgment thereon, made use of the phrase "liquor nuisance," loses its force by the showing made in the amended abstract that the record was duly corrected in the presence of defendant and his counsel, and made to show the fact that the plea of guilty was entered to the indictment for maintaining a gambling nuisance.

The exception upon which principal stress is laid is that the sentence is too severe. It is said that the appellant's offense was not an aggravated or flagrant one, and while it is admitted

2. CRIMINAL LAW: sentence: excessiveness.

that he violated the law and thus incurred liability to punishment, it is urged that the gambling done or permitted by defendant was not marked by "crooked" or dishonest tricks or practices, and that the law would be sufficiently vindicated by a less drastic sentence. The statute against the maintenance of gambling houses, Code Section 4962, makes the offense punishable by fine of $50 to $300, or by imprisonment in the county jail not exceeding one year, or both. It is peculiarly the province of the trial court to adjust the sentence within the limitations of the statute; and in the absence of any showing of abuse of discretion on its part, we cannot properly interfere. The crime here charged is one of deliberation, and not the product of sudden passion or provocation. To assess light fines or nominal penalties is liable to operate as a system of license, and not as a deterrent.

We discover no reason for reversal or modification of the judgment appealed from, and it is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.