STATE of Iowa, Appellee,

v.

Deon LUEDTKE, Appellant.

No. 62116.

Supreme Court of Iowa.

May 30, 1979.

Thomas M. Martin, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Kermit L. Dunahoo, Asst. Atty. Gen., and Richard S. Bordwell, Washington County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, ALLBEE and LARSON, JJ.

LARSON, Justice.

This defendant appeals from a ten-year indeterminate sentence following his guilty plea to second degree burglary in violation of sections 713.1 and 713.3, Code Supp.1977. He asserts the trial court erred and abused its discretion by (1) denying his application for deferred sentence, (2) not stating on the record the court's reasons for selecting the particular sentence and (3) imposing an excessive sentence. He also attacks the length of the sentence as violative of the federal constitution's proscription against cruel and unusual punishment. We find merit in appellant's second assignment of error, the trial court's failure to articulate its reasons for selecting the particular sentence, and remand for resentencing.

This court has consistently recognized that trial courts are in a superior position to assess the situation and determine the appropriate sentence. From this recognition has emerged the principle that where the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown. That standard of review was articulated in the early case of *State v. Fairweather,* 195 Iowa 437, 439, 192 N.W. 266, 266 (1923) and has been adhered to consistently by this court. *See, e. g., State v. Moreland,* 252 N.W.2d 465, 466 (Iowa 1977).

In order for such a standard to operate, it is essential for the trial court to state the reasons for selecting a particular disposition. Without such a record, there would be nothing from which we could discern any abuse of sentencing discretion.

We said in *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975), that "[w]ithout question, articulation of the rationale undergirding a sentence would assist both trial court and the appellate court on review." The view that such a record is desirable has now been embodied in a rule which we view as mandatory. Iowa R.Crim.P. 22(3)(d) now provides that "[t]he court shall state on the record its reason for selecting the particular sentence."

It is conceded by the State that the trial court stated no reasons on the record for the sentence imposed. It suggests as one alternative for disposition that we "retain jurisdiction and remand [to the trial court] for a statement of its reasons for selecting the particular sentence." The State cites two cases as authority for this procedure: *State v. Hall,* 235 N.W.2d 702, 731 (Iowa 1975) (remand for *in camera* determination of whether grand jury testimony contained exculpatory evidence) and *State v. Mayhew,* 170 N.W.2d 608, 614 (Iowa 1969) (remand for *in camera* determination of whether prosecution witness' prior statements were inconsistent with his trial testimony). However, retaining jurisdiction with a limited remand as suggested would serve little purpose. The remand might result in no subsequent appeal; if it does, the new sentencing record will likely result in some change in the issues now before us. Furthermore, to remand for statement of reasons presupposes that the trial court will reach the same result on resentencing, while it is possible that a trial court, in enunciating the reasons for the disposition, might feel inclined to reach a different result. We should allow enough latitude to do so if it appears to be justified.

In other recent cases, we have disposed of appeals raising errors in sentencing proceedings by vacating the sentences and remanding for resentencing. *State v. McKeever,* 276 N.W.2d 385, 390 (Iowa 1979); *State v. Thompson,* 275 N.W.2d 370, 372 (Iowa 1979). We believe this to be the proper disposition in this case.

Having resolved this appeal on the issue discussed, we do not find it necessary to determine the remaining issues. In any event, it would not be possible to fully resolve them on the record now before us.

The judgment is vacated, and this case is remanded for resentencing.

JUDGMENT VACATED AND REMANDED FOR RESENTENCING.