# IN THE SUPREME COURT OF IOWA

No. 14–0374

Filed April 17, 2015

**STATE OF IOWA,**

    Appellee,

vs.

**TINA LYNN THACKER,**

    Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, James D. Birkenholz, District Associate Judge.

The defendant seeks further review of a court of appeals decision affirming her conviction and sentence of second-degree harassment following a guilty plea. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin J. Bell, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we must decide two questions related to the sentencing of the defendant. The first question is whether the district court complied with Iowa Rule of Criminal Procedure 2.23(3)(*d*) in sentencing the defendant after she pled guilty pursuant to a plea bargain when the sentencing order does not contain the provisions of the plea bargain. The second question is whether the district court improperly accepted the guilty plea without first determining that the defendant's plea was made voluntarily and intelligently and had a factual basis as required by Iowa Rule of Criminal Procedure 2.8(2)(*b*). For the reasons expressed below, we conclude the district court's sentencing order does not comply with Iowa Rule of Criminal Procedure 2.23(3)(*d*), and as a result, we vacate the sentence and remand the matter to the district court for resentencing. With respect to the defendant's claim that her plea was not voluntary, we conclude the issue cannot be resolved in this direct appeal and therefore reserve this claim for a postconviction-relief action.

### I. Factual and Procedural Background.

The minutes of testimony in this case state that on October 4, 2013, a supervisor at the Des Moines Area Regional Transit facility notified police regarding a customer, Tina Thacker, who was screaming profanities at customer service. As the supervisor tried to calm her down, Thacker saw a bus driver, Donald Robuck, which caused her to renew her screaming. Among other things, she screamed she was going to find out where Robuck lived. The minutes state Robuck had been the driver of a bus boarded by Thacker. When Thacker asked Robuck to turn on the air conditioner, the system blew out hot air. Thacker then became incensed, used obscenities, and threatened to kill Robuck.

Thacker was charged by trial information with harassment in the first degree, an aggravated misdemeanor, in violation of Iowa Code section 708.7(2) (2013). The charge was apparently resolved by a plea agreement.

The plea agreement, however, is not part of the record. What is part of the record is a form entitled "Petition to Plead Guilty to Serious Misdemeanor." The form contains an entry stating "the plea agreement is:" but nothing was entered on the lines provided. The terms of the plea agreement were left blank. There is nothing in the record to indicate whether this was an intentional or unintentional omission. The defendant waived her right to have the proceedings recorded.

On the same day the Petition to Plead Guilty to Serious Misdemeanor was filed, the district court, also using a form, accepted the plea agreement and imposed a sentence. The form contained the following boilerplate language: "The following sentence is based on all of the available SENTENCING CONSIDERATIONS set out in Iowa Code Section 907.5." The district court checked the box "The Plea Agreement" as being the factor that was "the most significant in determining [the] particular sentence."

The district court ordered Thacker to serve one year in jail but suspended the sentence. The district court placed Thacker on probation for a period of one year with the Iowa Department of Correctional Services. The district court imposed conditions of probation which required Thacker to (1) complete any recommended substance abuse treatment, (2) cooperate and complete a VORP (Victim-Offender Reconciliation Program) session with each victim who so desires, (3) complete an assaultive behavior class, (4) participate in substance abuse monitoring by urine analysis during the term of probation, and (5)

complete a psychological evaluation and follow through with any recommended treatment. The district court further dismissed a related simple misdemeanor charge and ordered Thacker not to have contact with the victim for a period of five years. Additionally, the district court ordered Thacker to pay a fine of $315, the statutory surcharges, restitution, court costs, and attorney fees. Thacker appealed. We transferred the case to the court of appeals.

On appeal, Thacker raised two issues. First, she claimed the district court erred by not stating adequate reasons on the record for the exercise of the district court's sentencing discretion as required by Iowa Rule of Criminal Procedure 2.23(3)(*d*). Second, she claimed she received ineffective assistance of counsel because she did not knowingly and voluntarily enter into her plea agreement.

A divided court of appeals rejected Thacker's arguments. With respect to the claim that the district court failed to give adequate reasons for her sentence, the court of appeals held that the district court was merely giving effect to the parties' agreement and that no further statement of reasons was required. On the question of whether she received ineffective assistance of counsel because she did not intelligently and voluntarily enter into the plea agreement, the court of appeals held that Thacker failed to show prejudice. A dissent asserted the district court abused its discretion in citing a plea agreement as its reason for the sentence, when no plea agreement was apparent in the record. The dissent further took the position that the record was inadequate to resolve the ineffective-assistance-of-counsel claim.

We granted further review. For the reasons expressed below, we now vacate Thacker's sentence and remand the case to the district court for further proceedings. We also conclude the record is inadequate to

resolve the ineffective-assistance claim on direct appeal and reserve that claim for a postconviction-relief action.

## II. Standard of Review.

**A. Review of District Court Sentencing Order.** When "the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown." *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). In exercising discretion, the district court must "weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform." *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991). Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, "may be challenged on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 292–93 (Iowa 2010).

**B. Ineffective Assistance of Counsel.** "We review ineffective assistance of counsel claims de novo." *State v. Williams*, 574 N.W.2d 293, 300 (Iowa 1998). When a defendant seeks to have an ineffective-assistance claim resolved on direct appeal, the defendant must establish that the record is adequate to allow the appellate court to determine the issue. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010). If the record is inadequate on appeal, the issue must be addressed in an action for postconviction relief. *Id.*

## III. Discussion of On-the-Record Disclosure of Reasons for Sentencing.

**A. Background to Iowa Rule of Criminal Procedure 2.23(3)(*d*).** Unlike most European countries in which judicial sentences are reviewable as a matter of law, appellate courts in the United States have

historically adopted a hands-off approach to criminal sentencing.  *See* Ronald M. Labbe, *Appellate Review of Sentences: Penology on the Judicial Doorstep,* 68 J. Crim. L. & Criminology 122, 122 (1977) [hereinafter Labbe].  In the 1960s and 1970s, considerable attention in professional and academic communities was devoted to considering the relatively uncontrolled nature of criminal sentencing in our courts.[1]  Judge Simon E. Sobeloff of the United States Court of Appeals for the Fourth Circuit stimulated the debate through his academic writings and public remarks.  *See* Remarks of Judge Sobeloff, *Appellate Review of Sentences: A Symposium at the Judicial Conference of the United States Court of Appeals for the Second Circuit,* 32 F.R.D. 249, 264–75 (1962); Simon Sobeloff, *A Recommendation for Appellate Review of Criminal Sentences*, 21 Brook. L. Rev. 2 (1955); Simon E. Sobeloff, *The Sentence of the Court: Should There Be Appellate Review?*, 41 A.B.A. J. 13 (1955).

In the early 1970s, the torch of reform was carried by Judge Marvin Frankel who, in a seminal law review article, canvassed what he called "lawlessness in sentencing."  Marvin E. Frankel, *Lawlessness in Sentencing*, 41 U. Cin. L. Rev. 1 (1972).  Among other things, Judge Frankel emphasized the advantages of giving reasons for discretionary sentencing.  Frankel noted "the giving of reasons helps the decision-maker himself in the effort to be fair and rational, and makes it possible for others to judge whether he has succeeded."  *Id.* at 9.  Similar observations were made by Judge Irving Kaufman, who noted that explanations of sentences "would exert a beneficial influence to

---

[1]The Iowa Law Review published one major article participating in the commentary.  *See* Michael C. Berkowitz, *The Constitutional Requirement for a Written Statement of Reasons and Facts in Support of the Sentencing Decision: A Due Process Proposal*, 60 Iowa L. Rev. 205 (1974) [hereinafter Berkowitz].

rationalize the procedure which now is too easily characterized as capricious," Irving R. Kaufman, *Foreword: The Sentencing Process and Judicial Inscrutability*, 49 St. John's L. Rev. 215, 222 (1975), and would give some reassurance to the criminal "that his liberty is not being revoked in a wholly arbitrary fashion," *id.* at 221.

The notion that judges should state their reasons for sentencing on the record gained professional support. As early as 1968, the American Bar Association proposed that sentencing judges be required to state their reasons for selection of a sentence on the record so that a court could exercise its power of judicial review. *See* ABA Project on Standards for Criminal Justice, *Standards Relating to Appellate Review of Sentences* § 2.3(c) & cmt. e, at 42, 47 (1968) (noting that "a statement of reasons will be invaluable as an aid to the reviewing court [as] it is difficult to see how meaningful review can occur . . . where the appellate court is left completely in the dark as to why the sentence under review was imposed"). The adoption of the ABA Standards led to a reconsideration of the approach to sentencing in a number of states. *See* Labbe, 68 J. Crim. L. & Criminology at 123 (canvassing trends).

In the 1970s, we considered whether to adopt an ABA-type rule. In *State v. Horton*, 231 N.W.2d 36, 40–42 (Iowa 1975) (McCormick, J., concurring specially), Justice McCormick wrote a special concurrence in which he advocated adoption of a requirement that district court judges express reasons for sentencing on the record. Justice McCormick emphasized the anomaly that, with respect to sentencing, "the exercise of this power, among the greatest that one person may exercise over the life of another, is virtually unreviewable." *Id.* at 40. He noted four basic reasons for the adoption of the requirement that the reasons for sentencing be placed on the record: (1) increasing the rationality of

sentencing, (2) the therapeutic value of sentencing on the defendant,[2] (3) ensuring meaningful appellate review of the sentence, and (4) informing correctional authorities of the reasoning behind a sentence. *Id.* at 41. He further noted that a requirement that a district court state reasons for sentencing on the record could promote consistency and assist in the rational development of uniform sentencing. *Id.*[3]

Nonetheless, in the 5–4 decision in *State v. Peckenschneider*, 236 N.W.2d 344, 348 (Iowa 1975) (en banc), we declined to adopt the ABA approach and require district courts to express reasons for sentencing on the record. Justice McCormick wrote the dissenting opinion, reprising the reasoning of his *Horton* special concurrence. *Compare id.* at 348–56 (McCormick, J., dissenting), *with Horton*, 231 N.W.2d at 40–42. In *State v. Harvey*, 236 N.W.2d 47, 49 (Iowa 1975) (McCormick, J., specially concurring), an opinion released on the same day as *Peckenschneider*, Justice McCormick again wrote a concurring opinion, stating that our refusal to accept ABA standards as mandatory criteria to be applied in sentencing "permits perpetuation of the inequities, disparities, and

---

[2]*See generally* Jerry L. Mashaw, *Due Process in the Administrative State* 199 (1985) (emphasizing that some sort of explanation for a decision remains necessary if we are to conceive genuinely of the individual as an "autonomous moral agent entitled to self-respect").

[3]Recent scholarship has emphasized the role of sentence explanation in limiting the appearance of bias and lessening the risk of cognitive bias, including racial bias. *See* Berkowitz, 60 Iowa L. Rev. at 208–09, 233–34 (noting role of written explanation in addressing perception and reality of racial bias); Chris Guthrie, Jeffrey J. Rachlinski, & Andrew J. Wistrich, *Blinking on the Bench: How Judges Decide Cases*, 93 Cornell L. Rev. 1, 36–38 (2007) (suggesting that requiring explanations should induce deliberation and reduce intuitive or impressionistic reactions that may be biased); Michael M. O'Hear, *Appellate Review of Sentence Explanations: Learning from the Wisconsin and Federal Experiences*, 93 Marq. L. Rev. 751, 759–60 (2009) (noting that requiring judges to explain the basis for their decisions tends to increase perception of neutrality, mitigate against cognitive bias, and lead to better consideration of the full range of information).

unfairness which have led to substantial justified criticism of sentencing practices."

While Justice McCormick's views did not prevail in our court, the legislature took action. In 1977, the legislature enacted a statutory provision, which provided that "[t]he court shall state on the record its reason for selecting the particular sentence." 1977 Iowa Acts ch. 153, § 66 (currently found in Iowa R. Crim. P. 2.23(3)(*d*)).

**B. Caselaw Under Iowa Rule of Criminal Procedure 2.23(3)(*d*).** We have been called upon to interpret and apply Iowa Rule of Criminal Procedure 2.23(3)(*d*) in a number of cases. Many have noted that by requiring reasons for a particular sentence to be on the record, a reviewing court will be able to assess whether there has been an abuse of discretion in sentencing. *See State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014); *State v. Uthe*, 542 N.W.2d 810, 816 (Iowa 1996). We have noted that without such a record "we could [not] discern [whether there had been] any abuse of sentencing discretion." *Luedtke*, 279 N.W.2d at 8. It is apparent from the cases that one of the important reasons for the rule is to preserve the appellant's right to challenge the exercise of discretion by the sentencing judge. *See id.* We have also recognized the value of particularized statements in ensuring criminal defendants are aware of the consequences of their criminal actions. *See Thompson*, 856 N.W.2d at 919; *State v. Lumadue*, 622 N.W.2d 302, 305 (Iowa 2001) (en banc).

While the rule requires a statement of reasons on the record, a "terse and succinct" statement may be sufficient, "so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989). A terse and succinct statement is sufficient, however,

only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court. *See, e.g., State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (noting it was "clear from the trial court's statement *exactly* what motivated and prompted the sentence" (emphasis added)). When the reasons for a particular sentence have not been stated on the record, however, we have vacated the sentence and remanded the case to the district court for resentencing. *See, e.g., State v. McKeever*, 276 N.W.2d 385, 388–90 (Iowa 1979); *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979).

We have rejected a boilerplate-language approach that does not show why a particular sentence was imposed in a particular case. In *Lumadue*, 622 N.W.2d at 304, we considered boilerplate language in a written order that provided, "The court has determined that this sentence will provide reasonable protection of the public. Probation is denied because it is unwarranted." We concluded such language, standing alone, did not satisfy the requirement that the district court make an on-the-record statement of reasons for imposing a particular sentence. *Id.* at 304–05.[4]

In a somewhat similar vein, the court of appeals in *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987), considered the statement: "[t]he Court has reviewed the circumstances of the offense, and the

---

[4]A leading federal appellate decision relating to such boilerplate language is *United States v. Cunningham*, 429 F.3d 673 (7th Cir. 2005). In *Cunningham*, Judge Posner rejected the position that a judge could employ a stamp which declared that he or she had considered the statutory factors required in sentencing. *Id.* at 676. Such a position, according to Judge Posner, was inconsistent with appellate review of sentences. *Id.* at 679. The decision in *Cunningham* has been undermined, however, by *Rita v. United States*, 551 U.S. 338, 357–59, 127 S. Ct. 2456, 2469, 168 L. Ed. 2d 203, 218–19 (2007), in which the Supreme Court found that implicit explanation of sentences may be sufficient to affirm the reasonableness of a sentence under federal law.

defendant's prior background." The court of appeals held that such vague and generalized comments were inadequate under the rule. *Id.* The *Cooper* court emphasized that "appellate courts should not be forced to rely on *post hoc* attempts at divining the district court's motivation from the entirety of the record in order to determine if the district court abused its discretion." *Id.*

We have also considered what the rule requires in the context of a plea bargain. In *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), the defendant entered a plea bargain with the state. There was no claim the state or the court departed from the terms of the plea bargain. *See id.* We held that a statement of reasons for the sentence was not required because "[t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *Id.* Similarly, in *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995) (per curiam), we again considered the impact of a plea bargain on the district court's obligation to state on the record the reasons for a particular sentence. We held that a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it "was merely giving effect to the parties' agreement." *Id.*

In contrast to *Snyder* and *Cason*, in *Thompson*, 856 N.W.2d at 917–18, we considered a case in which the district court elected not to follow the sentence agreed to by the parties in a plea bargain. In this setting, we held the district court was required to state on the record his or her reasons for exercising his or her discretion in imposing a sentence different from that agreed to by the parties. *Id.* at 920–21.

The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error. *See, e.g., Lumadue*, 622 N.W.2d at 304–05 (remanding for resentencing when trial court used

boilerplate language in sentencing order which did not adequately state reasons related to "this" defendant and "this" offense); *Uthe*, 542 N.W.2d at 816 (requiring resentencing when court failed to adequately explain its imposition of consecutive sentences); *Cooper*, 403 N.W.2d at 802 (vacating sentence and remanding for resentencing after finding sentencing record inadequate); *see also Commonwealth v. Johnson*, 541 A.2d 332, 340 (Pa. Super. Ct. 1988) (noting failure to provide adequate "statement of reasons for the sentence imposed is reversible error requiring resentencing"). One of the main purposes of requiring specific reasons is to provide a record sufficient to allow meaningful appellate review, *see, e.g.*, *Uthe*, 542 N.W.2d at 816; *Luedtke*, 279 N.W.2d at 8, which is afforded as a matter of right to most criminal defendants, *see* Iowa R. Crim. P. 2.23(3)(*e*) (detailing notification of right to appeal regarding indictable offenses); *id.* r. 2.73(1) (noting the appropriate procedures regarding a right to appeal in a simple misdemeanor case).

There have, however, been unusual circumstances when we have applied a harmless error approach to cases in which the district court failed to state its reasons on the record. In *State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981), we held a district court that failed to state its reasons on the record did not commit reversible error when it sentenced the defendant to the least severe sentence authorized by law. A remand for resentencing in *Matlock* could not possibly have benefited the defendant under these narrow circumstances.

In one other case, *State v. Alloway*, 707 N.W.2d 582, 587 (Iowa 2006), *overruled by Thompson*, 856 N.W.2d at 921, we rejected an appeal involving a claim the trial court did not adequately state reasons on the record for a sentence for lack of prejudice. The defendant's claim in *Alloway*, however, was presented as a claim of ineffective assistance of

counsel in which a showing of prejudice is ordinarily required. *Id.* In *Alloway*, we applied the rule that a defendant who waives the making of a record of sentencing must take steps to create an alternate record through a bill of exceptions or a supplemental statement. *Id.* at 586. In *Thompson*, 856 N.W.2d at 921, however, we reversed the caselaw upon which *Alloway* was based. The *Alloway* approach requiring a showing of prejudice thus has no continued vitality.

**C. Application of Principles.** The State suggests Thacker failed to preserve error in this case by failing to address the lack of record by either requesting a bill of exceptions or expanding the record pursuant to the rules of appellate procedure. We took such an approach in *Alloway* based on prior precedent. During the pendency of this case, however, we overruled the *Alloway* approach in *Thompson*, 856 N.W.2d at 921. In *Thompson*, we declared that the responsibility to develop the record rested with the court, not one of the parties. *Id.* As a result, the State's argument on this point is without merit.

We next turn to language in the sentencing order form. The district court order is on a form that states in boilerplate fashion that the district court considered all the relevant factors required by law in imposing the sentence. It is clear under our precedents, however, that such boilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(*d*). *See Lumadue*, 622 N.W.2d at 304–05. The boilerplate form is identical for all cases and tells us nothing about how the district court arrived at a particular sentence in a particular case. *See id.*; *Cooper*, 403 N.W.2d at 802.

Here, the district court checked the box for "The Plea Bargain" as the most significant factor in its sentencing decision. The question arises, then, whether this case falls within the *Snyder-Cason* principle

that when a district court simply imposes a sentence agreed to by the parties it does not exercise discretion in a fashion that requires a statement of reasons on the record.

The problem with this theory, however, is that we do not know from the record whether the particulars of the district court's sentence were agreed to by the parties. Although we know there is a plea agreement of some kind, the Petition to Plead Guilty to Serious Misdemeanor is silent on the terms of the plea agreement. What we simply do not know is whether the plea bargain had an agreed upon recommendation for the sentence or whether the parties only agreed that the State would drop the more serious harassment charge if the defendant pled guilty to a lesser offense. While the district court considered the plea agreement in its sentence, apparently, the consideration given could have been that the more serious charge had been dismissed and the only crime for which the defendant should be sentenced was now a serious misdemeanor. Further, even if there was an agreed upon recommendation for sentencing, we do not know from the record whether the district court followed it in every particular or deviated from it in some respects. We are left to speculate on these questions.

As a result, we cannot conclude the district court has adequately stated reasons for its sentence *on the record* as required under Iowa Rule of Criminal Procedure 2.23(3)(*d*). While terse reasoning can be adequate when we know the statement in the context of the record demonstrates what motivated the district court to enter a particular sentence, *see Johnson*, 445 N.W.2d at 343, we cannot guess or simply calculate the rough probabilities. Looking *on the record*, we do not know whether the district court exercised its discretion, simply accepted the parties

agreement, or did a little of both. We therefore vacate the sentence and remand the matter to the district court for further proceedings.

On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record. *See Matlock*, 304 N.W.2d at 228 ("If the court has no discretion in sentencing, it should so state."). If, on the other hand, the parties did not come to an agreement with respect to the particulars of the sentence or the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did. On remand, there is no requirement the district court arrive at a different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(*d*).

## IV. Knowing and Voluntary Guilty Plea.

Iowa Rule of Criminal Procedure 2.8(2)(*b*) requires the district court to determine "that the [defendant's] plea is made voluntarily and intelligently and has a factual basis." Thacker contends she did not knowingly and voluntarily enter into the written plea bargain in this case.

This case involves a serious misdemeanor. In *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2004), we held the district court, with the defendant's consent, may waive the in-court colloquy otherwise required by Iowa Rule of Criminal Procedure 2.8(2)(*b*). Nonetheless, we emphasized that allowing written waivers does not diminish the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by the facts. *Id.*

The record before us, however, simply does not allow us to determine whether Thacker entered into the plea voluntarily and intelligently. We also cannot determine on the record whether she was prejudiced. As a result, we decline to address the ineffective-assistance-of-counsel issue on direct appeal. A determination of the ineffectiveness claim must be made in an action for postconviction relief to "allow a record to be developed concerning the actual terms of the plea agreement and [Thacker's] understanding of the terms of the plea agreement." *State v. Philo*, 697 N.W.2d 481, 489 (Iowa 2005).

**V. Conclusion.**

For the above reasons, the sentence in this case is vacated and the matter remanded to the district court for resentencing.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT SENTENCE VACATED AND CASE REMANDED WITH INSTRUCTIONS.**

All justices concur except Mansfield, J., Cady, C.J., and Waterman, J., who dissent.

**MANSFIELD, Justice (dissenting).**

I respectfully dissent and would affirm Thacker's sentence.

According to the minutes of testimony, this incident began when Thacker was picked up at a bus route along Ingersoll Road in Des Moines on October 4, 2013. Thacker told the bus driver, Donald Robuck, that someone who owed her money had been chasing her. She asked Robuck to turn on the air conditioning, but when he did so, the system blew hot air. This incensed Thacker, who began calling Robuck a "fat m***** f*****" and threatened to kill him.

On arrival at the bus depot in downtown Des Moines, Thacker went to customer service and caused a disruption by screaming profanities. Efforts to calm her down were unsuccessful. Thacker attempted to follow Robuck and a supervisor outside, but got stuck in a revolving door. She started kicking the door until it began to move. When Thacker saw Robuck leaving for his next route, she screamed at him that she was going to find out where he lived.

Thacker was charged with first-degree harassment, an aggravated misdemeanor, and disorderly conduct, a simple misdemeanor. *See* Iowa Code § 708.7(2) (2013); *id.* § 723.4(2). On February 7, 2014, the charges were disposed of when Thacker pled guilty to the lesser included offense of second-degree harassment, a serious misdemeanor, and received a one-year suspended sentence and probation. *See id.* § 708.7(3). The record includes Thacker's petition to plead guilty to a serious misdemeanor (which includes a written waiver of rights signed by her) and the district court's written sentencing order, which lists the plea agreement as the only reason for the sentence imposed. The sentencing

order also indicates that Thacker waived reporting and record of the sentencing hearing.

The district court is required to state the reason or reasons for a particular sentence on the record. *See* Iowa R. Crim. P. 2.23(3)(*d*) ("The court shall state on the record its reason for selecting the particular sentence."). "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). However, as the majority acknowledges, when the defendant's sentence is based upon a plea agreement, the court provides a sufficient reason or reasons when it cites the plea agreement as the reason for the sentence. *See State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995) (per curiam). The district court did so here.

In *Thompson*, we overruled prior precedent and held that even when a defendant waives reporting of the sentencing hearing, the defendant does not thereby waive the requirement that the district court provide the reason or reasons for the sentence on the record. *See Thompson*, 856 N.W.2d at 920–21. The present case is not a *Thompson* case. Unlike the sentencing order in *Thompson*, *see id.* at 918, the sentencing order here states the reason for the sentence, namely, the plea agreement, and that reason is a legally sufficient one.

Thacker, thus, wants to take *Thompson* a step further. She wants to establish a rule that when the sentence is based on a plea agreement, either the written plea agreement or the hearing transcript setting forth the terms of the plea agreement must be included in the record. This is intended to be a check so the appellate court can verify that the district court did, indeed, follow the plea agreement in its sentencing order.

Whatever the potential merits of this rule in the abstract, I think it makes no sense to apply it unless the defendant is asserting the sentence *did not comply with the plea agreement.* Thacker makes no such assertion. In fact, Thacker does not challenge her underlying sentence at all, for example, by claiming it is too harsh or restrictive. All we have here is her appellate attorney's contention that one cannot tell from the record whether the sentence imposed is actually consistent with the plea agreement. Presumably, appellate counsel has asked Thacker, or Thacker's trial counsel, whether the sentence is consistent with the plea agreement. The briefing should disclose the answer to this question. Since sentencing proceedings come with a presumption of regularity, *see, e.g., State v. Jose,* 636 N.W.2d 38, 41 (Iowa 2001); *State v. Sailer,* 587 N.W.2d 756, 762 (Iowa 1998), it seems unfair to assume—in the absence of any claim by the defendant—that an irregularity might have occurred.

The court's approach appears to elevate form over substance. That is, it remands the case for expansion of the record even when the defendant is not complaining about the result. The effect of the court's approach will be to require another layer of documentation in misdemeanor cases. I think the limited resources of our criminal justice system can best be deployed elsewhere.

For the foregoing reasons, I dissent.

Cady, C.J., and Waterman, J., join this dissent.