# IN THE COURT OF APPEALS OF IOWA

No. 16-1721
Filed September 13, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**STEVEN A. DERRICKSON,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jackson County, Nancy S. Tabor, Judge.

Steven Derrickson appeals the sentence entered upon his guilty plea to third-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ. Tabor, J., takes no part.

**VAITHESWARAN, Presiding Judge.**

Steven A. Derrickson admitted to serving as a lookout while his accomplice entered the home of an elderly gentleman to steal pain medication. Derrickson pled guilty to third-degree burglary. *See* Iowa Code § 713.6A(1) (2016). The district court sentenced him to a prison term not exceeding five years and imposed a fine and surcharge. On appeal, Derrickson contends "the district court abused its discretion by improperly punishing [him] for being drug addicted." *See State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) ("When 'the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown.'" (quoting *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979))).

Derrickson's attorney asked for probation. In rejecting this option and imposing a prison term, the district court cited Derrickson's "long history of criminal behavior, including assaultive behavior" and his "prior probation violations." The court also pointed out that Derrickson "completed substance abuse treatment in the community plus follow-up" and was "still involved in substance abuse." Derrickson's "body language" in the courtroom, the court said, spoke "volumes" about his character and revealed "a lack of accountability and a lack of respect," both essential to successful completion of probation. In the court's view, probation also was not appropriate given the "very serious crime" and the need to protect the community. The court considered Derrickson's need for rehabilitation and determined that need could best be accommodated within the Iowa prison system.

We discern no abuse of discretion in the court's reasons for imposition of a prison term.  We affirm Derrickson's sentence for third-degree burglary.

**AFFIRMED.**