# IN THE COURT OF APPEALS OF IOWA

No. 19-0747
Filed February 19, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW WASHINGTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Patrick Wegman, District Associate Judge.

        Defendant appeals the imposition of a fine as part of his sentence, claiming the court failed to exercise its discretion. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., Schumacher, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**BLANE, Senior Judge.**

Matthew Washington appeals the district court's imposition of a fine as part of his sentence claiming the court failed to exercise its discretion because it believed the fine could not be suspended. We find the record does not support Washington's claim and affirm.

I. PROCEDURAL AND FACTUAL HISTORY.

On May 18, 2018, the State filed a trial information charging Washington with the offense of unlawful possession of a prescription drug, a serious misdemeanor, in violation of Iowa Code section 155A.21 (2018). Washington filed a written guilty plea to the charge on February 5. At sentencing on April 29, the district court imposed a jail term of seventy days, with all but twenty days suspended, and supervised probation for one year. In addition, the court assessed a $315 fine, a 35% surcharge on the fine, and a $125 Law Enforcement Initiative surcharge. The court did not order restitution for court costs, correctional fees, and attorney fees after finding that Washington did not have the ability to pay such costs. Washington filed timely notice of appeal on May 7.

II. STANDARD OF REVIEW.

Review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907. When "the sentence imposed is within the statutory maximum, we will only interfere if an abuse of discretion is shown." *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015) (citing *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979)). Where a challenged sentence falls within the statutory parameters, we "presume it is valid and only overturn for an abuse of discretion or

reliance on inappropriate factors." *State v. Hopkins*, 860 N.W.2d 550, 54 (Iowa 2015) (citing *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013)).

III. DISCUSSION.

Washington contends the court erred when it imposed the fine of $315 plus surcharge, claiming the court believed it had no discretion to suspend the fine.[1] He concedes that the sentence imposed by the court "was somewhat of a compromise between the different recommendations set forth by the parties." The court imposed sentence, including the fine, and then inquired as to Washington's reasonable ability to pay court costs. *See State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019) (stating that if a defendant does not have the reasonable ability to pay certain items of court costs, the court cannot order payment for the item).

Washington argues: "The record suggests that the court was under the erroneous belief it had no discretion to suspend the fine. It is true that the court did not explicitly state that it had no such discretion." He bases this argument on the contention "it makes no sense here for the court to order payment of a fine when it also determined that Washington had no means to pay restitution on court costs, correctional fees, and attorney fees."

Washington misreads *Albright.* The court is not required to base its imposition of the fine and surcharges on the defendant's reasonable ability to pay.

---

[1] Washington also spent a considerable amount of his brief arguing an amendment to Iowa Code section 814.6 prohibiting appeal from a guilty plea did not apply to his appeal. *See* Iowa Code § 814.6(1)(a)(3) (2019). After Washington filed his brief, our supreme court decided the relevant amendment did not apply to appeals that were pending on the effective date of July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) (determining the statute controlling is that in effect at the time of judgment or notice of appeal). Washington's appeal was pending at the time, so the amendment does not apply to his case.

In *Albright*, our supreme court clarified two statutory categories of restitution costs. *Id.* at 159. Fines are within the first category of restitution and may be determined without consideration of the offender's ability to pay them; court costs are among the second category of restitution items, and a court may order them only to the extent the offender is reasonably able to pay them. *Id.* at 158–59. Under the usual sentencing procedures, the court pronounces sentence, including imposition of fines and surcharges, and then proceeds to inquire as to a defendant's financial condition to determine reasonable ability to pay court costs and other "second category" restitution items. *Id.* at 160.

We also note that Washington cannot pinpoint in the record where the court expressed or indicated it had no discretion to suspend the fine. Our review supports the opposite—that the court was well aware of its discretion. First, the State recommended imposition of the fine and surcharge. Neither defense counsel nor Washington in his allocution requested that the fine be suspended. The court then indicated, "I don't find the State's recommendation to be that out of line here" and proceeded to impose sentence stating,

> [B]ut I am gonna give you ninety with all but twenty. That'll be ninety days in the Black Hawk County Jail. All that will be suspended except for twenty days. I will assess a fine of $315, plus thirty-five percent surcharge. There's a $125 law enforcement initiative surcharge. I am gonna place you on one year of supervised probation.

The court's oral pronouncement is confirmed by the sentencing order, which contained the following provision: "Count 1, fine of $315 plus 35% surcharge, suspended, imposed, DARE fee of $10, LEI $125." Check boxes in front of "imposed" and "LEI" were checked by the court. The court, if it desired, had the

option to check the "suspended" box regarding the fine.  The record supports that the court was aware of the option and exercised its discretion.

**AFFIRMED.**