# IN THE COURT OF APPEALS OF IOWA

No. 19-0604
Filed February 19, 2020

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CHARLES HENRY EBERLE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Carroll County, Joseph B. McCarville, District Associate Judge.

Defendant appeals his convictions and sentences for operating while intoxicated and two counts of possession of a controlled substance. **AFFIRMED.**

Joel Baxter of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Charles Eberle appeals his sentences for operating while intoxicated (OWI) and two counts of possession of a controlled substance imposed as a result of a plea agreement adopted by the district court.  Eberle claims the district court did not state sufficient reasons for his sentence.  We find the sentencing order comported with the requirements for imposition of Eberle's sentence, and accordingly, we affirm the sentence of the district court.

## I.    Background Facts & Proceedings

Eberle was charged with Count I, OWI, in violation of Iowa Code section 321J.2 (2018); Count II, possession of a controlled substance (psilocybin and psilocyn), in violation of section 124.401(5); Count III, possession of a controlled substance (cocaine), in violation of section 124.401(5); and Count IV, possession of a controlled substance (marijuana), in violation of section 124.401(5).

Eberle entered into a plea agreement in which he agreed to plead guilty to Counts I, II, and III in exchange for dismissal of Count IV.  The plea agreement provided the parties would jointly recommend that the defendant be committed to the custody of the Iowa Department of Corrections for the following terms: Count I—one year; Count II—a term not to exceed two years; and Count III—a term not to exceed two years.  The parties also agreed to recommend the sentences would run consecutively, for a total term of incarceration not to exceed five years.

Eberle submitted written guilty pleas on the three offenses that included a waiver of Eberle's right to be present at sentencing.  Additionally, Eberle's written pleas stated, "I understand that the court would normally be required to state on the record the reasons for the sentence imposed and give up and waive the

requirement that the court do so." The sentencing terms of the plea agreement were not binding on the court. The district court accepted Eberle's guilty pleas and imposed a sentence that mirrored the plea agreement reached by the parties. The court sentenced Eberle to a term of one year in prison on Count I, and a term of imprisonment not to exceed two years on Counts II and III each, all to be served consecutively for a total term of incarceration not to exceed five years in prison. Eberle appeals.[1]

## II. Sentences

Eberle claims the district court did not state sufficient reasons for his sentence. He argues the court used boilerplate language and did not consider his individual circumstances. He asks to have his case remanded for resentencing.

Under Iowa Rule of Criminal Procedure 2.23(3)(d), a court must "state on the record its reason for selecting the particular sentence." *State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016). "This requirement ensures defendants are well aware of the consequences of their criminal actions." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). "Most importantly, the sentence statement affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* The district court may satisfy this requirement either by stating its reasons orally on the record or by including such in its written sentencing order.

---

[1] Recent legislation "denies a defendant the right of appeal from a guilty plea, except for a guilty plea to a class 'A' felony or in a case where a defendant establishes good cause." *State v. Draine*, 936 N.W.2d 205, 206 (Iowa 2019) (citing 2019 Iowa Acts ch. 140, § 28). The effective date for this legislation is July 1, 2019. *See* Iowa Code § 3.7(1). The statute is not applied retroactively and is not applicable in this appeal. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). We are bound by our supreme court's holding.

*Id.* "[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted).

"When the reasons for a particular sentence have not been stated on the record, however, we have vacated the sentence and remanded the case to the district court for resentencing." *Id.*; *see also State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979) (vacating a sentence and remanding for resentencing where "the trial court stated no reasons on the record for the sentence imposed").

Eberle claims the court improperly used boilerplate language in giving the reasons for his sentence. In *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001), the Iowa Supreme Court determined the boilerplate language used in that case did not satisfy the requirements of rule 2.23(3)(d). The court stated the court should give "a rationale relating to *this* offense, and *this* defendant's background." *Lumadue*, 622 N.W.2d at 305. "[B]oilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)." *Thacker*, 862 N.W.2d at 410.

In the instant sentencing order, the court stated,

The Court has considered the sentencing recommendation of the parties. The Court grants this sentence because it provides for Defendant's rehabilitation and the protection of the community. The Court also considered a letter from Defendant filed on February 13, 2019. The Court finds the following factors the most significant in determining this sentence: the nature and circumstances of the crime; protection of the public from further offenses; Defendant's criminal history; Defendant's substance abuse history; Defendant's propensity for further criminal acts; statutory sentence requirements; Defendant's statement; Defendant's mental health history; Defendant's family circumstances; maximum opportunity for

rehabilitation; victim impact statement; Defendant's age and character; Defendant's employment; and the statement of plea agreement.

The sentencing order reflects the court did not use boilerplate language. In particular, Eberle sent a letter to the court prior to sentencing and the court stated it considered this letter. Additionally, and as noted by the State, even if the district court approved the agreement and did not provide reasons for the sentence, such would not automatically be an abuse of discretion on this record. "When a district court simply imposes a sentence agreed to by parties it does not exercise discretion in a fashion that requires a statement of the reasons on the record."[2] *Id.* The district court does not abuse its sentencing discretion by giving effect to the parties' plea agreement. *See id.*

The Iowa Supreme Court has previously considered what the rule requires in the context of a plea bargain. In *State v. Snyder,* 336 N.W.2d 728, 729 (Iowa 1983), the defendant entered into a plea bargain with the State. There was no claim the State or the court departed from the terms of the plea bargain. *See Snyder*, 336 N.W.2d at 729. The court held that a statement of reasons for the sentence was not required because "[t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *Id.*

Similarly, in *State v. Cason,* 532 N.W.2d 755, 756–57 (Iowa 1995), the Iowa Supreme Court again considered the impact of a plea bargain on the district court's

---

[2] The *Thacker* court was unable to determine what terms of the plea agreement the district court adopted as the plea agreement was not set forth in the record. 862 N.W.2d at 410. In the instant appeal, we can readily discern all terms of the plea agreement from the record.

obligation to state on the record the reasons for a particular sentence. The court held that a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it "was merely giving effect to the parties' agreement." *Cason,* 532 N.W.2d at 757.

In contrast to *Snyder* and *Cason,* in *Thompson,* 856 N.W.2d at 917–18, the Iowa Supreme Court considered a case in which the district court elected not to follow the sentence agreed to by the parties in a plea bargain. Under those facts, the Iowa Supreme Court held the district court was required to state on the record its reasons for exercising its discretion in imposing a sentence different from that agreed to by the parties. *Thompson,* 856 N.W.2d at 920–21; *see also Thacker*, 862 N.W.2d at 408–09.

We reject Eberle's argument concerning the sentencing order. Accordingly, we affirm the sentence of the district court.

**AFFIRMED.**