# IN THE COURT OF APPEALS OF IOWA

No. 23-0225
Filed July 3, 2024

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHAEL QUODALE PROFIT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Nicholas Scott, Judge.

A defendant alleges the district court failed to sufficiently state the basis for imposing his sentence. **AFFIRMED.**

Carla S. Pearson of Pearson Law PC, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Badding, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**VOGEL, Senior Judge.**

While driving without a valid driver's license, Michael Profit eluded law enforcement and, after a valid traffic stop, was discovered in possession of marijuana. He pleaded guilty to four misdemeanor offenses and was sentenced to 180 days in jail. Profit now appeals his sentence, alleging the court failed to adequately "state on the record the basis for the sentence imposed" as required by Iowa Rule of Criminal Procedure 2.23(2)(g). But under our supreme court precedent, succinct explanations satisfy the rule. Because we find the sentencing court's explanation sufficient under this permissive standard, we affirm.

## I.    Background Facts and Proceedings.

After an early morning encounter with law enforcement in July 2022—during which Profit drove on a barred license, fled a traffic stop, and possessed marijuana—the State charged Profit with four misdemeanors: (1) driving while barred for being a habitual offender in violation of Iowa Code section 321.561 (2022), an aggravated misdemeanor; (2) eluding a law enforcement vehicle in violation of Iowa Code section 321.279(1)(a), a serious misdemeanor; (3) possessing a controlled substance second offense (marijuana) in violation of Iowa Code section 124.401(5), a serious misdemeanor; and (4) interference with official acts in violation of Iowa Code sections 719.1(1)(a) and 719.1(1)(b), a simple misdemeanor.

After failing to appear for his arraignment, Profit later pleaded guilty to all four counts.[1] The court accepted Profit's written waiver of rights and guilty plea,

---

[1] There was no plea agreement.

and scheduled a sentencing hearing, ordering Profit to appear. Profit flouted this order, failing to attend two scheduled sentencing hearings. Finally, Profit appeared for sentencing on January 26, 2023. The hearing was not reported.

Later that day, the court filed its order, entering judgment and imposing sentence. The court sentenced Profit to 180 days in jail for both the driving-while-barred and eluding convictions. The court further sentenced Profit to two days in jail for possession of marijuana.[2] The jail sentences were ordered to run concurrently with each other. The court also briefly explained its reasoning for imposing the sentence:

> The reasons for this sentence include information provided the Court at sentencing and as set out in the court file herein, including the Defendant's age, family circumstances, education, prior criminal record, the facts and circumstance of this offense, and the belief that this sentence will provide the greatest benefit to the Defendant and the community.

Profit now appeals this sentence.[3]

## II. Standard of Review.

When, as here, a sentence falls within the permissible statutory bounds, it is "cloaked with a strong presumption in [its] favor." *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (quoting *State v. McCalley*, 972 N.W.2d 672, 676 (Iowa 2022)). We only disturb these lawful sentences if the district court abused its discretion— if "it exercise[d] its discretion on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016)). But

---

[2] The court also imposed various fines including for court IV, interference with official acts.

[3] We have jurisdiction over this appeal because Profit only appeals his sentence and does not challenge his underlying plea. *See* Iowa Code § 814.6; *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

for us to perform this review, "it is essential for the trial court to state the reasons for selecting a particular disposition." *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). If we find that we cannot conduct our review because the sentencing hearing was not reported and the court "fail[ed] to state its reasons for the sentence in the written sentencing order," then "we will vacate the sentence and remand the case for resentencing." *State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014).

### III. Discussion.

Profit argues he is entitled to a new sentencing hearing because the court's written explanation fails to satisfy the demands of rule 2.23(2)(g). We disagree.

A court's sentencing explanation need not be long to satisfy the rule. "A terse and succinct statement" may be adequate, provided "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). Further, "[i]n this age of word processing, judges can use forms . . . to check the boxes indicating the reasons why a judge is imposing a certain sentence." *Thompson*, 856 N.W.2d at 921. So long as a sentencing court in fact selects the relevant factors for a particular defendant, thereby identifying which criteria it considered when imposing the sentence, rule 2.23(2)(g) is satisfied. *See Luke*, 4 N.W.3d at 457 ("[I]f properly filled out, such a check-the-box form would be an acceptable way to express the reasons for a sentence.").

Here, the court identified the sentencing factors that supported its decision to impose a period of incarceration—"age, family circumstances, education, prior criminal record, the facts and circumstance of this offense, and the belief that this sentence will provide the greatest benefit to the Defendant and the community."

*See generally* Iowa Code § 907.5.  Considering the identified factors together with the record as a whole—particularly the nature of Profit's repeat offenses and twice failing to appear for his sentencing hearing—we find the explanation adequate and no abuse of discretion.  Accordingly, we affirm Profit's sentence.

**AFFIRMED.**