# IN THE COURT OF APPEALS OF IOWA

No. 25-0207
Filed December 17, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL AARON CANADY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Tabitha Turner, Judge.


        Michael Canady appeals the sentences imposed by the district court after pleading guilty in two cases.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Michael Canady appeals the sentences imposed by the district court after pleading guilty to domestic abuse assault (third offense), *see* Iowa Code § 708.2A(4) (2024), and possession of cocaine (second offense), *see id.* § 124.401(5). Finding no abuse of discretion, we affirm.

## I. Background Facts and Proceedings

Michael Canady pled guilty to domestic abuse assault (third or subsequent offense) and possession of cocaine (second offense) in two separate cases. As a result of his pleas, Canady's probation in several other cases was revoked. The State agreed not to file any alleged violations of the no-contact order in place protecting the victim of Canady's current domestic-abuse conviction (the same victim of two prior domestic abuse assaults by Canady). The parties agreed, however, that the sentencing court could consider the fact that Canady violated the no-contact order by calling the victim from jail and asking her to perjure herself. The court accepted Canady's pleas and ordered a presentence investigation report.

At a combined sentencing hearing, the district court sentenced Canady to a five-year term of incarceration with a five-year mandatory minimum in the domestic-abuse case and a term of incarceration not to exceed two years in the possession case, to be served consecutively and consecutive to Canady's probation sentences in other cases, for a total indeterminate term of incarceration not to exceed fifteen years with a five-year mandatory minimum. The court stated the following reasons for the sentence imposed:

Mr. Canady, I sentenced you back on January 4th, 2023 . . . . That's the case for which you're on probation for two domestic seconds, the burglary in the third degree. And at that sentencing you told me the same thing that I'm being told today. And at that sentencing I said, "I am sympathetic to your plight, sir. Growing up the way that you grew up, that's really unfortunate. And I understand those mental health issues. I understand the substance abuse issues." And I gave you a chance; right?

The only thing I did think that I thought would have provided some internal motivation to change was I suspended eight years. And now we're back here again on a domestic abuse assault third or subsequent offense.

You are 34 years old, you have a lengthy history, and as far as I can tell, from everything that you've told me, I believe I said this to you at the last time I sentenced you, you've had a lot of time to address these issues. You've had a lot of time since you have acknowledged them, and you acknowledge those issues back here in 2023 when I saw you last time. You've had the time to deal with it, and for whatever reason it has not been dealt with.

So when I sit up here and I have to determine what an appropriate sentence is for somebody sitting in front of me, there are a lot of factors I consider, sir. I consider your age. You're 34. You certainly know better; right? Your prior record of convictions. It's already on the record. It's lengthy, and it is chock-full of violent crimes. The nature and the circumstances of the offense committed while you've committed a forcible felony. There really isn't a plea agreement in this case.[1]

Aside from those factors, two big ones I consider are protection of the public from further offenses by you and I consider your rehabilitation. And is community-based supervision appropriate? It is not, and you know that because, if it was, you would not be in this situation again with a domestic abuse assault third offense. You would have addressed your mental health things. You would have more thoroughly, if you did at all, address your substance abuse issues, but none of that is here before the Court. So as far as whether or not you can be rehabilitated on the outside, you can't.

The next is protecting the public from further offenses by you. It is, I have to say, pretty rare that somebody comes in front of me with this many domestic offenses convictions because usually I'll just say—back when I gave you that sentence in 2023, I would have sent you to prison, but I didn't. And so I have to decide how much time is an appropriate amount of time to send you to prison to protect the public and you can get the help you need. And the help

---

[1] To the extent Canady challenges the district court's "reli[ance] on a plea agreement when none existed," we find his claim unpersuasive.

is there. It is in prison. It's something I've been thinking about for several days as I've gone through this presentence investigation and I've gone through this case.

Sir, you are adjudged guilty of domestic abuse assault, third or subsequent offense in violation of Iowa Code section 708.2A(4) and 708.1(2). You were sentenced to a term of incarceration of five years, and pursuant to 902.3, your minimum sentence would be five years. And that will run consecutive to your probation matter in FECR364607, SRCR362485, and it will run consecutive to SRCR357580 for a total period of incarceration not to exceed 15 years with a mandatory minimum of five. That is based on the separate and serious nature of these offenses and the fact that you committed another violent offense while you were on probation for two violent offenses and the burglary.

Canady appeals.[2]

## II. Standard of Review

"Our review of the defendant's sentence is for the correction of errors at law. We will not reverse a sentence unless there is an abuse of discretion or some defect in the sentencing procedure." *State v. Cole*, 23 N.W.3d 231, 236 (Iowa 2025) (internal quotation marks and citations omitted).

## III. Discussion

Canady claims the district court "failed to provide any reason for imposing a five-year minimum term of incarceration." Generally, if a sentence is within the statutory maximum, as here, we will only interfere if the sentencing court abuses its discretion. *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). Canady also asserts the district court's written sentencing orders are "wildly inconsistent with

---

[2] Defendants generally do not have a right to appeal after pleading guilty. *See* Iowa Code § 814.6(1)(a)(3). But because Canady's appeal challenges the discretionary sentence imposed on his convictions rather than the guilty plea itself, he has "good cause" to pursue an appeal. *See State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). We therefore proceed to the merits.

one another . . . to the point of being irreconcilable," and such prevents appellate review.

District courts are required to state on the record their reasons for selecting a particular sentence. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). A terse and succinct statement may be sufficient, so long as the brevity of the statement does not impede appellate review of the exercise of the district court's sentencing discretion. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). We give the court's sentencing decisions "a significant amount of latitude because of the discretionary nature of judging and the source of the respect afforded by the appellate process." *State v. Luke*, 4 N.W.3d 450, 455 (Iowa 2024) (internal quotation marks and citation omitted). Here, in imposing the mandatory minimum period of incarceration, the court highlighted what period of time was needed for rehabilitation and the need for protection of the public.

We further note a lack of "wild inconsistencies" in the written sentencing orders that prevent meaningful appellate review. The district court provided an oral explanation for Canady's sentences. And the boxes checked in the written sentencing orders were mentioned in the district court's oral pronouncement. As our supreme court has previously stated, when there is a discrepancy between the oral pronouncement of sentence and the written order, "the oral pronouncement controls." *State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). But here, Canady does not note any inconsistencies. Rather, Canady only points to the fact that some factors were marked on one sentencing order but not the other. This does not render the orders inconsistent.

Applying the above principles, "[w]e find that the reasons given orally by the district court at the sentencing hearing speak for themselves and demonstrate that the district court did not abuse its discretion" in imposing a mandatory minimum sentence of five years. *See Luke*, 4 N.W.3d at 455. We affirm the sentences imposed by the court.

**AFFIRMED.**