STATE of Iowa, Plaintiff-Appellee,

v.

James Frederick COOPER, Jr., Defendant-Appellant.

No. 86–293.

Court of Appeals of Iowa.

Feb. 25, 1987.

Gary K. Anderson of Anderson & Wheeler, Council Bluffs, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen. and Kenneth Tyler, Asst. Co. Atty., for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SNELL, JJ.

SNELL, Judge.

On February 7, 1986, the appellant, James Frederick Cooper, was charged by trial information with driving while license under suspension. *See* Iowa Code § 321A.17 (1985). On that same date Cooper, appearing by counsel, submitted a written plea of guilty. On February 21, 1986, Cooper was sentenced to one year in the county jail and fined five hundred dollars. All but one hundred dollars of the fine was suspended on the condition that Cooper perform forty hours of community service, with credit given for attendance at Alcoholics Anonymous meetings. All but thirty days of the sentence was suspended on the condition that defendant, among other things, "complete an alcohol evaluation and follow all recommendations." This appeal followed, challenging the sentence imposed by the district court. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

Cooper challenges his sentence in two respects. First, he contends the court erred in failing to state on the record its reasons for choosing the particular sentence it imposed. Second, he maintains the court abused its discretion in requiring, as a condition of his suspended sentence, that he complete an alcohol evaluation. This second argument is premised on Cooper's contentions that the present charges against him are not alcohol-related and that he has not been arrested for an alcohol-related offense in seven years.

Rule 22(3)(d) of the Iowa Rules of Criminal Procedure provides, *inter alia*, that when sentencing a defendant the district "court shall state on the record its reason for selecting the particular sentence." The "record" for purposes of criminal appeals consists of "[t]he original papers and exhibits filed in the trial court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries. . . ." Iowa R.App.P. 10(a). When a trial court

fails to state on the record its reasons for the sentence imposed, the sentence must be vacated and the case remanded for amplification of the record and resentencing. *State v. Marti,* 290 N.W.2d 570, 589 (Iowa 1980); *Luedtke,* 279 N.W.2d at 8.

In the present case, no transcript was made of the sentencing hearing. The State defends the district court's sentence, however, by arguing that the reasons behind the district court's choice of the particular sentence imposed are both stated on its sentencing order and sufficiently obvious from the remainder of the record when considered in light of the sentencing order. In support of these contentions, the State points to the sentencing order which tersely states that "[t]he Court has reviewed the circumstances of the offense, and the defendant's prior background, [sic]" and asks that we find this sufficient. We do not.

■ The main purpose of the requirement that a court state its reason for a particular sentence is to allow us to review the sentence to determine if there has been an abuse of discretion. *State v. Matlock,* 304 N.W.2d 226, 228 (Iowa 1981); *State v. Luedtke,* 279 N.W.2d 7, 8 (Iowa 1979). A general statement such as the one employed by the district court in the present case does not assist us in such a determination. We note that Rule of Criminal Procedure 22(3)(d) reflects our courts' belief that "[w]ithout question, articulation of the rationale undergirding a sentence ... assist[s] both trial court and the appellate court on review." *Luedtke,* 279 N.W.2d at 8 (quoting *State v. Horton,* 231 N.W.2d 36, 39 (Iowa 1975)). The present record, far from articulating the rationale behind the court's choice of sentence, states only generalized, vague considerations which we may assume advise every court in making every sentencing decision: the circumstances of the offense and the defendant's background. We are left to speculate as to which circumstance of the offense and what facet of the defendant's background, which at the time of sentencing spanned twenty-eight years, motivated the district court to impose this particular sentence on Cooper.

■ Neither do we think this situation remedied by reference to the remainder of the record. First of all, we think that implicit in rule 22(3)(b) is a determination that appellate courts should not be forced to rely on *post hoc* attempts at divining the district court's motivation from the entirety of the record in order to determine if the district court abused its discretion. *See Matlock,* 304 N.W.2d at 228. To answer the abuse of discretion question, an appellate court needs to know why a trial court acted in the way that it did, not why it might have done so. *See State v. Morrison,* 323 N.W.2d 254, 256 (Iowa 1982) (abuse of sentencing court's discretion found only where court acts on clearly untenable grounds or to clearly unreasonable extent). In addition, even were we to accept the State's invitation to review the remainder of the record in light of the sentencing order, we would be at a loss as to which circumstance of the offense or portion of Cooper's background the district court found mandated the particular sentence it imposed. Cooper, and our judicial system, are not well served by such guesswork. *See Matlock,* 304 N.W.2d at 228. Accordingly, we vacate Cooper's sentence and remand this case for resentencing.

■ Cooper's second contention is that the district court abused its discretion in imposing certain conditions on his suspended sentence. In light of our holding that the present sentencing record is inadequate for our review of such questions, we do not reach this contention. We note, however, that the fact Cooper has not been involved in an alcohol-related offense since 1979 must be given weight in the sentencing determination in light of our law to the effect that the punishment imposed must fit the particular person and circumstances under consideration. *State v. Hildebrand,* 280 N.W.2d 393, 396 (Iowa 1979); *see generally Morrison,* 323 N.W.2d at 254 ("[a] sentence must fit the person and circumstances").

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.