# IN THE COURT OF APPEALS OF IOWA

No. 13-1902
Filed October 1, 2014

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TRAVIS L. SUMERALL,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

A defendant appeals his sentence on a conviction for voluntary absence.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Travis Sumerall appeals the sentence imposed following his guilty plea to voluntary absence from a community-based correctional facility, a serious misdemeanor in violation of Iowa Code section 719.4(3) (2013). He argues the district court failed to state on the record its reason for imposing a determinate term of one year to be served consecutively to the indeterminate five- and two-year concurrent sentences stemming from the revocation of Sumerall's probation on two other convictions.

After reviewing the sentencing transcript and judgment order, we find the court did not comply with Iowa Rule of Criminal Procedure 2.23(3)(d). Accordingly, we vacate the sentence and remand for resentencing.

The parties agree the district court was required to order the sentence for the voluntary-absence offense to begin at the expiration of any existing sentence under Iowa Code section 901.8. But the sentencing court had discretion under Iowa Code section 903.1(1)(b)[1] to order imprisonment of less than one year. *See State v. Miller*, 841 N.W.2d 583, 598 (Iowa 2014) (noting "[a] person convicted of a serious misdemeanor faces at most one year imprisonment"). The defense asked for a sentence of thirty days, explaining Sumerall was "only 20

---

[1] Iowa Code section 903.1(1)(b) states:

> [T]he court shall determine the sentence, and shall fix the period of confinement or the amount of fine, which fine shall not be suspended by the court, within the following limits: . . . For a serious misdemeanor, there shall be a fine of at least three hundred fifteen dollars but not to exceed one thousand eight hundred seventy-five dollars. In addition, the court may also order imprisonment not to exceed one year.

years old. He did go missing on his birthday and did end up turning himself in." The State lobbied for the maximum term of one year.

Rule 2.23(3)(d) requires the sentencing judge to state the reason for selecting a particular punishment on the record. *State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). We do not require a detailed rationale; but the sentencing court must offer "at least a cursory explanation" to allow appellate review of its exercise of discretion. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). We review compliance with this rule for correction of legal error. *State v. Jason*, 779 N.W.2d 66, 72 (Iowa Ct. App. 2009).

The legislature directs sentencing courts to consider the following factors when choosing the appropriate sentence:

> a. The age of the defendant.
> b. The defendant's prior record of convictions and prior record of deferments of judgment if any.
> c. The defendant's employment circumstances.
> d. The defendant's family circumstances.
> e. The defendant's mental health and substance abuse history and treatment options available in the community and the correctional system.
> f. The nature of the offense committed.
> g. Such other factors as are appropriate.

Iowa Code § 907.5 (2013).

In announcing its sentence, the district court stated:

> Mr. Sumerall, the law requires that a sentence on the voluntary absence be served consecutively to any sentence that you're now serving, and I'm going to revoke your probation on the two matters, the criminal mischief for not more than two years, and the criminal mischief also for, in this case it's five years. And so you have five and two, and I'll run those concurrent, so that you have really one five-year sentence. And then I'm going to run the new charge of voluntary absence for an additional year, so you've got, in essence, five plus one to serve.

You have a right to appeal the new matter. You have to do so within 30 days. I'm going to set an appellate bond in the amount of $5,000. You've been given every opportunity, Mr. Sumerall, and every chance that you've been given, you've royally messed up. Don't file an application for reconsideration, it's not going to happen.

Sumerall contends the sentencing court failed to reveal the factors it considered in imposing the maximum sentence for his serious misdemeanor conviction. The State responds that the judge "considered appropriate factors as part of an overall sentencing plan." In particular, the State points to the judge's interruption of the prosecutor's recommendation to say: "I've read the file. He started out with a deferred judgment that was revoked, he got a suspended sentence that was revoked, he went to prison, reconsidered, and now here we are again." The State also highlights an exchange between defense counsel and the court concerning the probation violations when the court asks rhetorically: "What would be the sentence . . . given that this man has been given every opportunity, or so it seems, and has failed miserably on every grace extended to him?"

Our appellate courts have invoked the phrase "overall sentencing plan" where the question is whether the sentencing court provided adequate reasons for imposing consecutive rather than concurrent terms. *See, e.g., State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989) (concluding "[i]t is apparent to us that the district court ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan, the particular reasons for which appear in the sentencing colloquy, sentencing order, and presentence investigation report referred to by the district court"). In this case we are not looking to see why the

judge imposed a consecutive term, because that part of the sentencing was mandatory. Instead, we are trying to discern why the court accepted the State's recommendation for a one-year term over the defense recommendation for thirty days. The court does not directly state a reason for that choice at the sentencing hearing. Moreover, the court signed a written judgment of guilt and sentencing order, which stated: "The Court deems said sentence appropriate for the following reasons:"—but left blank the space following that statement. While the district court did suggest its frustration with Sumerall's failure to comply with his probation requirements, the record is not clear whether those somewhat cryptic remarks explained the decision to revoke his probationary sentences or the length of his sentence for voluntary absence or both.

Despite the time pressures facing busy judges in high-volume courts, criminal defendants are "entitled to be informed, preferably face-to-face, about the consequence of their criminal acts." *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001). General statements that the court is aware of the circumstances of the offense and the defendant's background are not sufficient to allow us to review the sentence for an abuse of discretion. *See State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (declining State's invitation to divine district court's motivation for the sentence from the entirety of the record). Here, the court's failure to state on the record its reason for the serious misdemeanor sentence requires that sentence to be vacated and the case remanded for resentencing. *See State v. Marti*, 290 N.W.2d 570, 589 (Iowa 1980).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**