# IN THE COURT OF APPEALS OF IOWA

No. 17-0813
Filed March 21, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**BREEANNA MARIE HARPER,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart (suppression), Brook K. Jacobsen (bench trial), and Nathan A. Callahan (sentencing), District Associate Judges.

Defendant appeals her conviction for possession of a controlled substance (marijuana). **SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**GOODHUE, Senior Judge.**

Breeanna Marie Harper was charged with possession of a controlled substance (marijuana), first offense, a violation of Iowa Code section 124.401(5) (2016). She filed a motion to suppress, which was denied. Harper then submitted to a trial on the minutes of evidence and was convicted. Harper was sentenced to 180 days in the county jail, but the sentence was suspended. She was also sentenced to pay a fine of $315 plus the thirty-five-percent surcharge, a D.A.R.E. fee, and the law-enforcement-initiative fee, and was placed on supervised probation for a period of one to two years. The record for sentencing was waived, and the only reasons given for the sentence in the sentencing order were "nature of offense" and "prior record." Harper appeals. Her only basis for the appeal is the court's failure to state on the record sufficient reasons for selecting a particular sentence, as required by Iowa Rule of Criminal Procedure 2.23(3)(d). Relevant facts will be included where appropriate.

## I. Preservation of Error

The State does not contest error preservation.

## II. Standard of Review

Sentences are reviewed for an abuse of discretion. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). A trial court abuses its discretion when it exercises its discretion on grounds clearly untenable or unreasonable. *Id.*

## III. Discussion

Our appellate courts have been called upon a number of times to interpret the language of rule 2.23(3)(d), which requires the court to "state on the record its reasons for selecting a particular sentence." See *State v. Thacker*, 862 N.W.2d

402, 407 (Iowa 2015). The reasons for the requirement are (1) to provide the reviewing court a record upon which it can determine whether the trial court has abused its discretion in sentencing, (2) to preserve a defendant's right to challenge the court's exercise of discretion, and (3) to ensure the defendant is aware of the consequences of the criminal act. *Id.* at 409.

The reporting of the sentence may be waived, and the sentence, including the reasons for the particular sentence, can be done in writing as a part of the sentencing order. *State v. Thompson*, 856 N.W.2d 915, 920 (Iowa 2014). In doing so the court can use a form order and check boxes indicating the reasons. *Id.* at 920-21. If the defendant waives reporting and the court fails to set out reasons for the sentencing, the court is considered to have abused its discretion. *Id.* at 921. Vague and generalized comments are inadequate under the rules. *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987). The stated reasons may be terse and succinct so long as the statements are adequate to permit a review. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). This is particularly true when the record before the court clearly reflects the facts that likely motivated the court. *Thacker*, 862 N.W.2d at 408.

The sentencing court in this case had the minutes of evidence before it and little more. Harper was initially stopped by law enforcement because a routine license check by a deputy sheriff reflected the operator license of the owner of the automobile in question had been suspended for non-payment of fines. The stop was initiated, and Harper was the driver of the automobile. She identified herself as its owner, and her license had in fact been suspended. There was a strong

odor of marijuana emanating from the vehicle. In searching the vehicle, a pipe was found that contained marijuana residue.

The charge filed indicated it was Harper's first offense for possession of marijuana, The sentencing court made reference to the nature of the offense and Harper's prior record. It is very likely the sentencing court had immediate access to Harper's criminal record but no part of it is was shared with us. The reviewing court is not required to examine the entirety of the record in an attempt to divine the trial court's motivation. *Cooper*, 403 N.W.2d at 802. Based on the available sentencing alternatives under Iowa Code section 124.41(5), the sentence imposed could appropriately be considered as a light to intermediate sentence.

We have reviewed every case cited by either party, and it is safe to say they present no bright line of what must be contained as adequate reasons for a particular sentence. However, there was no case cited where the reasons stated were considered adequate in which the stated reasons were so scant and vague as in this case. We understand that when a more serious sentence is imposed, the reasons for the rule are more apparent and the need for a more extensive statement of reasons is perhaps more important, but neither the rule nor the caselaw makes such a distinction. We have concluded that the reasons stated and the record made are not adequate to meet the requirements of the rule. We have concluded, based on the scant reasons stated, the court abused its discretion in ordering the sentence imposed.

Accordingly, the sentence is vacated and case remanded for resentencing.

**SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.**