# IN THE COURT OF APPEALS OF IOWA

No. 17-1742
Filed June 20, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ANTONIO LUIS ALEXANDER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, Gregory D. Brandt, District Associate Judge.

　　Antonio Luis Alexander appeals from the sentence imposed following his guilty plea. **AFFIRMED.**

　　Michael H. Johnson of the Johnson Law Firm, Spirit Lake, for appellant.

　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

　　Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**DANILSON, Chief Judge.**

Antonio Luis Alexander was charged with assaulting a bystander who attempted to intervene in an altercation between Alexander and his girlfriend in a parking lot. Alexander punched the bystander in the head multiple times and knocked him to the ground, injuring him.

On September 21, 2017, Alexander filed a written guilty plea to the charge of assault causing bodily injury or mental illness, in violation of Iowa Code section 708.2(2) (2017). On October 2, the district court sentenced Alexander to one year in the county jail, suspended all but thirty days and gave him credit for the two days he had been in jail, and placed him on probation for a period of two years. Alexander appeals.

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

On appeal, Alexander asserts the court considered "one or more criminal convictions not supported in the record" and "placed undue emphasis on his past criminal history without considering his family circumstances and employment."[1]

At sentencing, the State urged the court to order a jail sentence because:

> The defendant does also have a lengthy criminal history, which
> would warrant the lengthy criminal sentence. Back in '99 he had a

---

[1] Alexander also briefly mentions the "quality of the written plea" but he did not file a motion in arrest of judgment and does not claim counsel was ineffective in allowing the plea. *See State v. Straw*, 709 N.W.2d 128, 132-33 (Iowa 2006) ("Straw's failure to move in arrest of judgment bars a direct appeal of his conviction. Iowa R. Crim. P. 2.24(3)(a); *State v. Brooks,* 555 N.W.2d 446, 448 (Iowa 1996). However, this failure does not bar a challenge to a guilty plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel.").

domestic abuse without intent causing injury; 2001, domestic abuse; 2001, an escape charge; a second escape charge in 2001; 2002, possession of controlled substance. All of those he was given probation on which he was later revoked. He went to Oakdale in 2003. He was discharged in 2005. In May of 2005 then he was charged with driving while barred and once again granted probation. [In] 2006, controlled substance second offense. 2007, controlled substance, third or subsequent offense, went back to Oakdale in 2008, which he was discharged in 2010.

> Given the prior domestic abuse charges, given the t[wo] instances of incarceration and the multiple opportunities the defendant has been given at probation in the past and the nature of the offense, I do think a lengthy jail stay would be appropriate of 120 days.

The trial court observed Alexander "has had things since [2007], actually, if you—I looked at his current history as well before we went on the record."

The defense did not challenge the recitation of Alexander's criminal history, but sought probation, noting Alexander had been steadily employed for over four months.

The district court determined:

> I will grant you that you have been doing well as of—relatively well as of recent time. I say, "relatively well" because, quite honestly, if you're doing well, you wouldn't have gone over and assaulted a total stranger because he was intervening when he believed you were assaulting your significant other. I mean, normal people just don't do that. You might say, "Go away," or something, but you don't go and beat him about the head, as the minutes of testimony suggest that you did.
> That's not what normal people do, and, unfortunately, this isn't your first incidence of assault. I find three prior convictions for assault on your criminal history, along with a few other things. Unfortunately, in your history you have been to prison a couple of times. So, as I say, I do appreciate the fact that you have been attempting to work on this, but you need to do better, quite honestly.
> Because of your prior criminal history, the nature of this particular offense, it is the judgment of this court that you are adjudged guilty of assault causing injury. I sentence you to one year in the Polk County Jail, suspend all but [thirty] days of that time and give you credit for the two days you have been in jail and place you on probation for a period of two years from today's date.

In its written judgment, the court indicated the "following factors the most significant in the determining this particular sentence" by checking the boxes next to the form options: "[t]he nature and circumstances of the crime"; "[p]rotection of the public from further offenses"; "[d]efendant's criminal history"; and "[d]efendant's propensity for further criminal acts." The court added, "Defendant has a substantial criminal history with multiple convictions for assault."

The purpose of requiring reasons for a particular sentence "ensures defendants are well aware of the consequence of their criminal actions," and "most importantly, . . . affords appellate courts the opportunity to review the discretion of the sentencing court." *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The district court's oral and written statements are adequate to allow our review and provide sufficient reasons for the imposition of a jail term rather than probation.[2] And the court's use of a template form is not improper. *See id.* at 921 ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program.").

Alexander takes issue with the court's characterization that he had "multiple convictions for assault." He states no presentence investigation (PSI) was

---

[2] Alexander's reliance on *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987), is misplaced. There, this court found, "The present record, far from articulating the rationale behind the court's choice of sentence, states only generalized, vague considerations which we may assume advise every court in making every sentencing decision: the circumstances of the offense and the defendant's background." *Id.* Here, however, we have a sentencing transcript and additional reasons provided.

prepared and "if the court relied upon an invalid or nonexistent conviction, . . . then the court clearly abused its discretion." We will not engage in such speculation.

The State recited Alexander's criminal history, which spanned several years and included prior assault convictions. The court indicated it had reviewed Alexander's criminal history. The defense made no objection, though Alexander mentioned one driving-while-barred charge was dismissed because he had a valid temporary restricted license. There is no record to suggest the district court relied upon the driving-while-barred charge after Alexander informed the court that the charge had been dismissed. The record also fails to reflect that the court relied upon an erroneous criminal history or relied upon any unproven criminal charge.[3]

The sentence imposed was within the statutory limits and based on valid reasons. We find no abuse of discretion. *See State v. Seats*, 865 N.W.2d 545, 552-53 (Iowa 2015) (discussing the deferential standard of review applicable to a sentence within statutory limits).

**AFFIRMED.**

---

[3] We acknowledge when the court is sentencing a defendant without the benefit of a PSI, the better practice would be for the prosecutor to admit into evidence a written copy of the defendant's criminal history, at least when that history is extensive.