# IN THE COURT OF APPEALS OF IOWA

No. 21-1756
Filed August 31, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JASON ALAN ADAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.

A defendant appeals his sentences, claiming the district court did not provide adequate reasons for imposing consecutive sentences. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

Following his guilty pleas to multiple criminal offenses, Jason Adams appeals the consecutive sentences imposed on remand after his successful first appeal.[1]  He claims the district court did not provide adequate reasons for making the sentences consecutive.  We review this claim for an abuse of discretion.  *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

In two separate criminal cases, Adams stipulated to violating a no-contact order and pled guilty to one count of child endangerment and two counts of domestic abuse causing bodily injury.  The plea agreement provided for suspended sentences on all of the charges except for the violation of the no-contact order.  For that offense, the parties agreed Adams would be sentenced to 150 days in jail.  At the plea and sentencing hearing, the district court told Adams that it did not intend to be bound by the plea agreement.  After Adams elected to proceed, the court sentenced him to the maximum terms of incarceration on each count with all of the sentences to run consecutively.

In Adams's first appeal, he claimed the district court violated Iowa Rule of Criminal Procedure 2.23(3)(d) for failing to state reasons for its decision to impose

---

[1] Although neither party addresses whether Adams has good cause to appeal as required by Iowa Code section 814.6(1)(a)(3) (2021), we find that he does.  *See State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (acknowledging that a defendant "should have discussed section 814.6(1)(a)(3)" in his brief "to show he met the good-cause requirement," but still finding good cause when the issue raised is one for which good cause has been found to exist); *accord State v. Hoxsey*, No. 20-1531, 2022 WL 108559, at *1 (Iowa Ct. App. Jan. 12, 2022) (considering sua sponte whether good cause existed to consider the defendant's appeal from a guilty plea); *see also State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) ("[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

consecutive sentences. The State agreed and filed a motion to reverse, which was granted by the Iowa Supreme Court. The court vacated the portion of the sentencing orders imposing consecutive sentences and remanded the case to the district court to "determine whether the sentences should run consecutive or concurrent and provide reasons for its decision."

At the resentencing hearing, the district court imposed consecutive sentences again, providing these reasons for the decision:

> Okay. I'm going to now state the reasons for my sentence as regards to whether it will be concurrent or consecutive and these are the reasons. The Court considers the age of the defendant, the criminal history, the impact a consecutive sentence would have on employment and also the family situation, and also the Court considers the need for deterrence, rehabilitation, the nature of the charges and the defendant's criminal history.
> Those are all the factors I'm considering and a lot of those things cut against Mr. Adams as far as the nature of the charges and his criminal history as well.
> The Court finds that the consecutive sentences are appropriate factoring in all those factors and I will continue the same sentence that I previously imposed for those reasons and those are the reasons it's consecutive.

The written sentencing order echoed the same reasons.

Adams claims these reasons are insufficient because they simply recited "general sentencing considerations and societal sentencing goals," which he asserts do not satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d). We disagree.

Rule 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). This rule "applies to the district court's decision to impose consecutive sentences." *Hill*, 878 N.W.2d at 273. "Although the reasons need not be detailed, at least a cursory explanation

must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

At the sentencing hearing, and in its written order, the district court expressly noted its consideration of the relevant sentencing factors. *See* Iowa Code §§ 901.5, 907.5(1). Yet Adams argues this was inadequate because the court did not connect the stated reasons to "*this* defendant's character and *this* defendant's criminal history." To the contrary, the court specifically discussed the sentencing factors that applied to Adams, highlighting the "nature of the charges" and Adams's criminal history as the most relevant factors while also citing his age, character, employment, family situation, deterrence, and rehabilitation. *See State v. Ferrell*, No. 15-1153, 2016 WL 541411, at *2 (Iowa Ct. App. Feb. 10, 2016) (stating that a "sentencing judge, in checking the appropriate boxes from the provided array" of general sentencing considerations, "specifically tailored" the reasons to defendant's particular situation).

This case is thus unlike *State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001) and *State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987), both of which lacked sentencing transcripts or reasons in the sentencing orders beyond "vague and generalized considerations" that "presumably inform every court's basic sentencing decision." *Lumadue*, 622 N.W.2d at 305; *see also State v. Alexander*, 2018 WL 3057620, at *2 n.2 (Iowa Ct. App. June 20, 2018) (distinguishing *Cooper*, 403 N.W.2d at 802 on the same grounds). Though cursory, we cannot say the listed reasons were insufficient to support imposing consecutive sentences. *See Jacobs*, 607 N.W.2d at 690. We affirm.

**AFFIRMED.**