# IN THE COURT OF APPEALS OF IOWA

No. 22-0957
Filed March 29, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LATRICE DENISE SAUNDERS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Peter B. Newell,
District Associate Judge.

        A defendant appeals her resentencing for criminal mischief.  **SENTENCE
VACATED AND REMANDED FOR RESENTENCING.**

        Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant
Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney
General, for appellee.

        Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**TABOR, Presiding Judge.**

For the second time, Latrice Saunders appeals her sentence for fourth-degree criminal mischief. Last year, we vacated her sentence and remanded for resentencing so that she could benefit from an ameliorative legislative change. *See State v. Saunders*, No. 20-1352, 2022 WL 108569, at *1 (Iowa Ct. App. Jan. 12, 2022). On remand, the district court imposed the same sentence with no explanation. Saunders contends the resentencing violated Iowa Rule of Criminal Procedure 2.23(3)(d)—requiring the court to "state on the record its reason for selecting the particular sentence." The State denies a rule violation, insisting it was "obvious" that the court relied on the reason given at the first sentencing. Because the court had discretion to impose a different sentence on remand, it was obliged to explain its choice. We remand for the court to fulfill that obligation.

## I.    Facts and Prior Proceedings

A jury convicted Saunders for damaging the front door at her ex-boyfriend's residence. It found that repairing or replacing the door would cost between $200 and $500. The court entered judgment on criminal mischief in the fourth degree, a serious misdemeanor, in violation of Iowa Code section 716.6(1) (2019). At the October 2020 sentencing hearing, the court imposed the mandatory minimum fine of $315, plus a surcharge of 15 percent, as well as victim restitution of $400 to fix the door.

Meanwhile, between the time of Saunders's offense and her sentencing, the legislature changed the damage range for classifying criminal mischief charges. *See* 2019 Iowa Acts ch. 140, § 21 (codified at Iowa Code § 716.6(a)(1)). In her first appeal, the State conceded that she was entitled to resentencing. We

remanded so Saunders could receive the benefit of simple-misdemeanor sentencing options. Yet she remained convicted of a serious misdemeanor. *Saunders*, 2022 WL 108569, at *1.

In May 2022, the court held a new sentencing hearing.[1] It had the option of sentencing Saunders to a fine of at least $105 but not to exceed $855. Iowa Code § 903.1(1)(a). Instead of or on top of the fine, it could impose a jail term of up to thirty days. *Id*. The State recommended a fine of $315 with the 15 percent surcharge. Saunders asked for the minimum fine of $105. The court told Saunders: "I'm going to go ahead and impose the same sentence I imposed before" which was $315, plus victim restitution of $400. The court did not say why it chose that sentence. Saunders appeals.

## II.     Scope and Standard of Review

We review sentencing for the correction of legal errors. *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022). We will reverse if there is a defect in the sentencing procedure. *Id*.

## III.     Analysis

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to state on the record the reason for the sentence imposed. This rule serves two purposes: allowing appellate courts to review the exercise of discretion and informing defendants of the consequences of their criminal actions. *State v. Lumadue*, 622 N.W.2d 302, 304−05 (Iowa 2001). When the court fails to state a

---

[1] Our remand also directed the court to consider Saunders's motion for new trial under the weight-of-the-evidence standard. Applying the correct standard, the court again denied her new-trial motion. Saunders does not challenge that denial.

reason, we must vacate the sentence and remand for resentencing. *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979).

Saunders contends she is entitled to resentencing because "the court failed to state *any* reasons for the sentence orally at the time of the sentencing hearing." She acknowledges that the written judgment order contained a "boilerplate statement" that the sentence was being ordered "for the protection of society, rehabilitation of Defendant, and the reasons stated by the Court on the record." But she maintains that those were "generalized, vague considerations which we may assume advise every court in making every sentencing decision." *See State v. Cooper,* 403 N.W.2d 800, 802 (Iowa Ct. App. 1987).

The State resists the call for another remand. It acknowledges that the court gave no reasons at the May 2022 resentencing hearing. But it harkens back to the October 2020 proceedings: "In reimposing the same $315 fine it had previously selected, the district court necessarily reincorporated the reasons it stated on the record at the initial sentencing hearing." At that hearing, the court said it was imposing the mandatory minimum fine of $315 because of Saunders's "limited criminal history." Between that reason and the written judgment order, the State contends that we can review the district court's exercise of discretion.

We disagree. The court's statement at the first hearing that it was imposing the mandatory minimum sentence for a serious misdemeanor because of Saunders's "limited criminal history" did not explain why it gave the same sentence on remand. A lower mandatory minimum fine was now available for the simple misdemeanor sentence. The court needed to tell Saunders—and us—why it stuck to the harsher sentence. As for the boilerplate in the written order, we agree with

Saunders that it communicated nothing pertinent to this case. "Missing was a rationale relating to *this* offense, and *this* defendant's background." *Lumadue*, 622 N.W.2d at 305 (citing *Cooper,* 403 N.W.2d at 802).

We recognize that the sentencing difference here is small—just $210 between the mandatory minimum fine for a simple misdemeanor and the fine imposed. But we take to heart what Saunders told the first sentencing court: "Like this is just paper work to everyone else. But this is my life to me. And it matters." Saunders was "entitled to be informed, preferably face-to-face, about the consequences of [her] criminal acts. Rule [2.23(3)(d)] and our prior cases require as much. The integrity of our system of justice demands it." *Id.*

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**