# IN THE COURT OF APPEALS OF IOWA

No. 22-1492
Filed June 7, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**CHARLES ROBERT DAVIDSON,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Tama County, Sean W. McPartland, Judge.

A defendant appeals his sentence following a guilty plea. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Charles Davidson pled guilty[1] to attempting to entice a minor in violation of Iowa Code section 710.10(4) (2016) and was sentenced to a term of incarceration not to exceed two years. Davidson appeals, arguing the district court "failed to articulate adequate reasons for a particular sentence." We disagree with Davidson and affirm the sentence imposed by the district court.

A district court, when entering judgment, is required to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d). "[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion,'" and "only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). Boilerplate language or vague, generalized comments alone are not sufficient. *Id.* "The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error." *Id.* at 409. Still, "the decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to

---

[1] A defendant typically needs good cause to appeal from a guilty plea. Here, both parties agree Davidson satisfies that requirement. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) ("We hold that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea.").

discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

When sentencing Davidson, the district court stated:

> The reasons for the disposition here and for the sentence is that this was a serious action which does have consequences, and the Court finds that the indeterminate term not to exceed two years will hold the defendant accountable while also providing the opportunity for defendant to make use of services that might be available to him and also for the protection of the community from offenses by the defendant and others.
> The factors included in the Court's consideration include the defendant's age, prior criminal record, his employment and family circumstances, the nature of the offense, and the harm to the victim here.
> The Court also finds that this is appropriate . . . [to] help to prohibit or to foreclose any further recidivism in connection with this type of conduct. . . .
> . . . .
> I do find that one of the factors for consideration of the Court here is the fact that the victim in this matter was a family member of the defendant in whom the trust of the defendant was placed and that that is a factor for the Court's determination. There was a position of authority or some respect here on which I believe the defendant has taken some advantage, and so that is a factor for the Court's consideration.

This is more than just vague generalizations or only boilerplate language. *Compare State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (determining the record for an unreported sentencing was insufficient when the district court only stated it considered "the circumstances of the offense, and the defendant's prior background"), *with State v. Adams*, No. 21-1756, 2022 WL 3907749, at *2 (Iowa Ct. App. Aug. 31, 2022) ("At the sentencing hearing, and in its written order, the district court expressly noted its consideration of the relevant sentencing factors. Yet Adams argues this was inadequate because the court did not connect the stated reasons to 'this defendant's character and this defendant's criminal history.'

To the contrary, the court specifically discussed the sentencing factors that applied to Adams, highlighting the 'nature of the charges' and Adams's criminal history as the most relevant factors while also citing his age, character, employment, family situation, deterrence, and rehabilitation.").  Here, the district court pointed to important considerations that were appropriate in light of the crime committed and specific to the circumstances involved.  We have ample information for our review.  And after that review we find no abuse of the district court's discretion, so we affirm the sentence.

**AFFIRMED.**