# IN THE COURT OF APPEALS OF IOWA

No. 22-0477
Filed June 21, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LESLIE JAMES CLARK,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

A defendant appeals his sentence following a guilty plea and the revocation of his probation. **AFFIRMED.**

Travis M. Visser-Armbrust of TVA Law PLLC, Sheldon, for appellant.

Brenna Bird, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**GREER, Judge.**

Leslie Clark pled guilty to driving while barred as a habitual offender; he received a deferred judgment and was placed on probation for two years in 2018. He then returned to his home in Minnehaha County, South Dakota. In March 2020, a probation violation report was filed citing Clark's failure to pay certain ordered fines. The following month, the report was amended to reflect that Clark had been arrested in South Dakota and had not informed his probation officer. The March 2020 arrest followed a December 2019 incident where Clark was charged in South Dakota with simple domestic assault (third or subsequent offense), aggravated domestic abuse, and false imprisonment. In the summer of 2021, he pled guilty to the simple domestic assault charge and was sentenced; the other two charges were dismissed. A probation revocation hearing was set and continued. In the meantime, in July of 2020, Clark incurred more South Dakota charges when he was charged with simple assault; he pled guilty to disorderly conduct and was sentenced at the end of January 2022.

Clark's Iowa probation revocation hearing was held that February. Clark testified that the court in South Dakota had agreed to craft his sentence so that Clark could continue to work. Toward this same goal, he asked the court to not sentence him to jail time or electronic monitoring in Iowa.[1] He also pointed to his probation in South Dakota—which, if he violated, would result in years of jail time— and instead requested the deferred judgment be revoked but the probation terminated. The State recommended a ninety-day jail term. The district court

---

[1] His employment required him to go into homes and apartment buildings, and his employer would not let him do so with an electronic monitoring bracelet on.

ultimately revoked the deferred judgment and sentenced Clark to fifty days in jail, but it allowed it to be served in Minnehaha County Jail in South Dakota—if the jail agreed—with work release according to the jail's policy. The district court stated

> While I certainly understand the defendant's request for no jail time, due to his employment, and I applaud the defendant for having a job, for maintaining the job, it's just that he—he's had multiple, multiple opportunities.
> And, I mean, looking through that criminal history, while he's on probation here, still engaged in illegal criminal behavior, and while that's not—apparently he's been doing well the last few months, or the last however many months, regardless, that doesn't negate the fact that he committed these new crimes while on probation here in Plymouth County. And so I have to take all of that into consideration. So I will sentence the defendant accordingly.
> . . . .
> I think this sentence is appropriate, based on the facts and circumstances of the case, and based on the defendant's criminal history and the rehabilitation and the need to deter others for similar acts.

Then, the written sentencing order stated the district court had "considered all sentencing options" and found the chosen sentence would "provide the [d]efendant with the maximum opportunity for rehabilitation," "protect the community from further offenses by the [d]efendant"; and "provide sufficient deterrence to others who may be inclined to commit this or similar offenses." It also said the court "considered the [d]efendant's criminal record[ and] the nature of the offense committed" in crafting the sentence. Clark appeals.[2]

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and [it] will only

---

[2] Clark has good cause for this appeal. *See State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause for an appeal where the defendant "challenge[d] the order revoking [their] deferred judgment and entering a conviction and sentence" and "the alleged error arose after the court accepted [the defendant's] guilty plea").

be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.*

Clark argues the court's explanation for the sentence was not sufficiently detailed and relied only on Clark's prior criminal history and infractions while on probation. A sentencing court is required to state on the record its reasons for a particular sentence. Iowa R. Crim. P. 2.23(3)(d). The reasons may be "terse and succinct" as long as "the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). While we need these reasons explained for our review, "[o]ur task on appeal is not to second-guess the sentencing court's decision," but to ensure it was made based on permissible factors. *State v. Damme*, 944 N.W.2d 98, 106 (Iowa 2020). "Additionally, the district court need not specifically state every possible sentencing factor." *State v. Mathews*, No. 17-0519, 2018 WL 2084831, at *2 (Iowa Ct. App. May 2, 2018). The district court here provided adequate reasoning for our review. *Compare State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) (determining the record for an unreported sentencing was insufficient when the district court only stated it considered "the circumstances of the offense, and the defendant's prior background"), *with State v. Miller*, No. 22-0244, 2023 WL 1813628, at *2 (Iowa Ct. App. Feb. 8, 2023) (finding a sentencing court's explanation enabled review when the court focused on the defendant's criminal history but also listed other considerations).

Next, Clark argues the district court considered impermissible factors because it stated he had committed "new crimes" when, he asserts, he had only pled guilty to one count at the time. It is true that a sentencing court may not consider "unproven or unprosecuted offense[s] when sentencing a defendant unless (1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998) (per curiam). But Clark misremembers the evidence in front of the sentencing court—he had a conviction stemming from both his March 2020 and July 2020 arrest (simple domestic assault and disorderly conduct, respectively), which he had already pled guilty to and was sentenced for, such that there were multiple "new crimes" the court could consider at the time of the probation revocation hearing.

Finding no abuse of the sentencing court's discretion, we affirm.

**AFFIRMED.**