# IN THE COURT OF APPEALS OF IOWA

No. 22-1042
September 27, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN CHARLES FUHLMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Meghan Corbin, Judge.

Steven Fuhlman appeals the sentence imposed following his guilty plea. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Nathan A. Mundy of Mundy Law Office, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Badding, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**AHLERS, Presiding Judge.**

To resolve multiple pending criminal charges and cases, Steven Fuhlman entered a plea agreement with the State. Pursuant to that agreement, Fuhlman pleaded guilty to four controlled-substance violations. He received a twenty-five year sentence (with a mandatory minimum of 4.167 years), a ten-year sentence, a five-year sentence, and a two-year sentence on the four charges, with the sentences to be served concurrently. This appeal concerns only the case and conviction resulting in the ten-year sentence—a sentence imposed for possession of cocaine with intent to deliver, in violation of Iowa Code section 124.401(1)(c)(2)(b) (2020).

On appeal, Fuhlman claims the district court considered an improper factor and did not give adequate reasons for the sentence imposed. He also claims his counsel was ineffective for failing to investigate facts Fuhlman disputed and for failing to file a motion to suppress the evidence obtained via a search warrant.

We summarily reject Fuhlman's claims based on ineffective assistance of counsel, as we are statutorily precluded from addressing such claims on direct appeal. *See* Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. The claim . . . shall not be decided on direct appeal from the criminal proceedings."); *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022). We have jurisdiction to address Fuhlman's sentencing challenges despite his guilty plea because he is challenging the sentence rather than the plea itself. *See* Iowa Code § 814.6(1)(a)(3); *State v. Damme*, 944, N.W.2d 98, 105 (Iowa 2020).

We turn to Fuhlman's sentencing challenges. We review sentencing challenges for correction of errors at law. *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021). Sentencing courts are afforded a great deal of latitude in exercising discretion in sentencing. *Id.* When, as here, the sentence imposed is within statutory limits, it "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We start with Fuhlman's claim that the court considered improper factors. This challenge stems from statements the prosecutor made during the sentencing hearing. Those statements included mentioning that Fuhlman first came under investigation following the death of another man. The prosecutor went on to say Fuhlman had supplied drugs to the man knowing the man had a heart condition that could make drug use dangerous. Defense counsel responded by noting Fuhlman was never charged related to the man's death, and the prosecutor did not disagree.

On appeal, Fuhlman argues the court improperly considered the prosecutor's unproven implication that Fuhlman contributed to the other man's death. Fuhlman's claim fails because it is not enough to show the district court's awareness of a factor it could not consider. Instead, Fuhlman has the burden to establish that the court relied on the improper factor. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022) ("To overcome the presumption in favor of the sentence in this case, McCalley must affirmatively demonstrate that the district court relied on an improper factor."). The only part of the record to which Fuhlman points to support his claim that the district court considered the other man's death

is the court's reference to considering the effect Fuhlman's crime "had upon the community."  This ambiguous reference does not satisfy Fuhlman's burden to affirmatively establish that the court improperly considered Fuhlman's implied role in the man's death.  This is especially so in light of the fact that the court expressly stated it was not considering "any entries in the criminal history section [of the presentence investigation report] that do not contain an admission or an adjudication of guilt."  Fuhlman's contention that the court considered an improper factor in sentencing him fails.

Fuhlman also argues the district court did not provide sufficient reasons for his sentence.  This challenge originates from Iowa Rule of Criminal Procedure 2.23(3)(d) (2022), which requires the court to "state on the record its reason for selecting the particular sentence."  The purpose of this rule is to enable the reviewing court to assess whether sentencing discretion has been abused. *State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015).  That said, terse and succinct statements of reasons are sufficient so long as the brevity does not prevent appellate review of the sentencing court's exercise of discretion.  *Id.* at 408.  Use of nonspecific boilerplate language is insufficient, as it "tells us nothing about how the district court arrived at a particular sentence in a particular case."  *Id.* at 410; *see also State v. Cooper*, 403 N.W.2d 800, 802 (Iowa Ct. App. 1987) ("The present record, far from articulating the rationale behind the court's choice of sentence, states only generalized, vague considerations which we may assume advise every court in making every sentencing decision:  the circumstances of the offense and the defendant's background.").  Here is the district court's recital of the reasons for the sentence in its entirety:

> Mr. Fuhlman, it's my duty under the law to review what is available to me in terms of community resources and an appropriate rehabilitative plan for you, but also take into consideration the nature of your crimes and the affect that they have had upon the community, and what I have available to me to assist you in the rehabilitative process. I first look at the least restrictive means of rehabilitation, and then, proceed to the more restrictive means. I've reviewed the information contained in the presentence investigation report and have taken all of that information into consideration. However, I have not taken into consideration any entries in the criminal history section that do not contain an admission or an adjudication of guilt.

We have found thin statements like this one too vague. *See State v. Harper*, No. 17-0813, 2018 WL 1433073, at *1 (Iowa Ct. App. Mar. 21, 2018) (concluding the court's statement was inadequate when the only reasons given were the "nature of the offense" and "prior record"); *Cooper*, 403 N.W.2d at 802 (finding insufficient "[t]he Court has reviewed the circumstances of the offense, and the defendant's prior background" (alteration in original)). Reasoning we uphold tends to at least state some specific factors, even if it does not elaborate on them or explain how they affect the sentence. *See State v. Mai*, 572 N.W.2d 168, 170 (Iowa Ct. App. 1997) (finding sufficient "[t]he nature of the crime committed, age, past record, recommendations in the substance abuse evaluation, your blood-alcohol test result and the recommendations and facts included in the presentence investigation"); *see also State v. Adams*, No. 21-1756, 2022 WL 3907749, at *1 (Iowa Ct. App. Aug. 31, 2022) (finding sufficient "[t]he Court considers the age of the defendant, the criminal history, the impact a consecutive sentence would have on employment and also the family situation, and also the Court considers the need for deterrence, rehabilitation, the nature of the charges and the defendant's criminal history").

We find the statement of reasons given here to be more similar to those in cases in which we have found the statements insufficient than to those in which we have found the statements sufficient. The court's sparse statement of reasons could easily have applied to any defendant before it. *See Cooper*, 403 N.W.2d at 802 (finding generalized, vague statements that could be made in every case insufficient). While the statement of reasons referenced the presentence investigation report, it did not specify in even the most general terms which aspects of the report drove the court's decision. These statements fail to explain to Fuhlman the reasons supporting his sentence and fail to provide us with the necessary information to review the sentence. *See Thacker*, 862 N.W.2d at 407–08 (recognizing the value of particularized statements to ensure defendants are aware of the consequences of their actions).

The State suggests the sentence can be saved by the fact that "Fuhlman himself accepted prison as inevitable" during his allocution and defense counsel never expressly asked for a suspended sentence. This implicates the principle "that a court imposing an agreed sentence pursuant to a plea bargain need not give additional reasons" for the sentence. *See State v. Wilbourn*, 974 N.W.2d 58, 68 (Iowa 2022). But we find this principle inapplicable for two reasons. First, the record from the plea hearing makes it clear that the parties agreed to an "open plea," which was expressly confirmed to mean "the parties are free to make any argument as to disposition at sentencing." So, there was no agreed-upon sentence. While both Fuhlman and his attorney made arguments about what they would like the sentence to be if the court decided to impose a prison sentence, they never expressly argued against a suspended sentence or exclusively for the

sentence ultimately imposed. We are unable to conclude on this record that there was an agreed-upon sentence. Second, even if there was an agreed-upon sentence, under the principle at issue, when the court imposes an agreed-upon sentence pursuant to a plea agreement, the court "need not give *additional reasons*." *Id.* (emphasis added). "Additional reasons" means reasons in addition to following the plea agreement. But here, the district court did not list "following the plea agreement" as a reason for the sentence, so the court did not give the base reason, let alone additional reasons. As this was not an agreed-upon sentence, and the court did not give "following the plea agreement" as a reason for the sentence even if it was, the principle in question does not apply.

Having concluded that the district court failed to comply with rule 2.23(3)(d)'s requirement to cite reasons for the sentence imposed, we vacate the sentence and remand for resentencing before a different judge. *See Thacker*, 862 N.W.2d at 409 ("The failure of the district court to adequately cite its reasons for a sentence on the record is ordinarily reversible error."). We recognize this outcome may seem like an unnecessary use of judicial resources, as the sentence imposed was ordered to be served concurrently to a much longer sentence with a mandatory minimum and Fuhlman has dismissed his appeal of that case.[1] But with no way of knowing what the future holds for that case via possible future postconviction relief or other proceedings, it is necessary to ensure the sentence

---

[1] The State raised this issue via a motion to dismiss Fuhlman's appeal as moot and lacking in good cause. The supreme court denied the motion before transferring this case to our court.

in this case stands on its own merits.  As we do not believe it does, resentencing is necessary.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**